## ZACHOS v. SHERWIN–WILLIAMS CO.

### No. 12092.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1948.

For former opinion, see 164 F.2d 234, which affirmed 70 F.Supp. 986.

Devereaux F. McClatchey, E. T. Newton, and Noah J. Stone, all of Atlanta, Ga. (Bernard F. Garvey, Joseph A. O'Connell and Irving L. McCathran, all of Washington, D. C., of counsel), for appellant.

Clair W. Fairbank, of New York City, and William K. Meadow, of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The validity of the patent to Holmes, as to the matters discussed by the district judge and in our opinion, needs no further examination. The ground for rehearing now pressed is that the case in the district court should have been reopened on the timely motion there made to receive newly discovered evidence as to use by others of the patented device more than two years prior to the application of Holmes. Gairing Tool Co. v. Eclipse, 6 Cir., 48 F.2d 73, is specially relied on.

Prior use was briefly pleaded, but Zachos testified and contended that his device, though used prior to the Holmes application, was not an infringement of Holmes, and it was therefore not an anticipation. The judge found that prior use was not shown. A motion for new trial was at once made, setting up by affidavits of two apparently disinterested witnesses the construction for Zachos and the use by his customers of devices which they say were substantially what Zachos is now using, except that a metal tube was used where a lucite rod is now used. If this be true there was an anticipation of the Holmes patent which covers both the tube and rod, for we have held either is an infringement. But no drawings, models or devices made before Holmes' application were offered to be proved. The stand or base which Zachos has found does not show the device itself. Mere oral testimony, though from disinterested witnesses, has rarely been thought sufficient to show prior use to overthrow a patent on this ground. In the Barbed Wire Patent (Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed Wire Co.), 143 U.S. 275, 284, 12 S.Ct. 443, 36 L.Ed. 154, the unsatisfactory character of such evidence is discussed, and it was said the proof must be clear and satisfactory, and beyond a reasonable doubt. This was repeated in Eibel Process Co. v. Minnesota, & Ontario Paper Co., 261 U.S. 45, 60, 43 S.Ct. 322, 67 L.Ed. 523, and Smith v. Hall, 301 U.S. 216, 222, 57 S.Ct. 711, 81 L.Ed. 1049. But the testimony of a single witness, corroborated by circumstances, may be sufficient to create conviction. Corona Cord Tire Co. v. Dovan Corporation, 276 U.S. 358, 381, 382, 48 S.Ct. 380, 72 L.Ed. 610. If Zachos can yet discover among his former customers one of the devices of sufficient age, corroboration might be complete. Other less cogent circumstances may exist. The motion ought not to work a general new trial, but there is much good sense in the position taken in Gairing Tool Co. v. Eclipse, supra, that it is better now to investigate fully the matter of anticipation than to allow other infringers of Holmes, who now by this record are informed of the claimed anticipation, to establish it and

destroy the Holmes patent as to themselves and the world except Zachos, who would remain bound by it as a matter of res judicata. A patent is a monopoly granted by the public and is of public interest, and ought to exist against all or none. Because of the misconception of Zachos in the trial that his device did not infringe, and therefore did not anticipate, and because of the failure really to try the issue of prior use, we order that our judgment of affirmance be suspended and that no mandate issue on it; and direct that the district court hear further evidence solely on the issue of prior use, and make findings of fact and conclusions of law thereon, and cause the same to be certified to this court to be considered by us as part of the record on this appeal. The parties will be thereafter given further hearing in this court. Let a mandate issue to the district Court directing it to proceed thus.

Judgment on appeal suspended, and direction given for further proceedings.