Richard R. LAWRENCE et al., Plaintiffs and Cross-Defendants,

v.

HUNT TOOL COMPANY et al., Defendants and Cross-Plaintiffs.

Civ. A. No. 7149.

United States District Court
S. D. Texas, Houston Division.

June 25, 1956.

Earl Babcock, Duncan, Okl., Lawrence Gwin, Bay City, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, James F. Weiler, Houston, Tex., for plaintiffs and cross-defendants.

Vinson, Elkins, Weems & Searls, J. V. Martin, Joe E. Edwards and John C. Snodgrass, Houston, Tex., for defendant and cross-plaintiff Hunt Tool Co.

William E. Ford, Houston, Tex., and Allan D. Sanford, Jr., Corpus Christi, Tex., for defendant and cross-plaintiff Louis Davis.

Ray H. Hostutler, Corpus Christi, Tex., pro se.

Floyd A. Williams, Austin, Tex., pro se.

INGRAHAM, District Judge.

This is a suit for patent infringement, injunction and accounting for profits and damages brought by Richard R. Lawrence, Dailey Oil Tools, Inc., and Houston Oil Field Material Company, Inc., as plaintiffs, against Hunt Tool Company, Louis Davis, Ray H. Hostutler, and Floyd A. Williams, as defendants. During the

trial Williams was dismissed as a party defendant. The plaintiffs assert their claims against defendants under the Costello Patent No. 2,190,442 and the Lawrence Patent No. 2,377,249.

All defendants, including Williams, have filed and assert their counterclaims against the plaintiffs for similar relief, asserting their claims under the Davis Patent No. 2,247,188.

For convenience and brevity, Dailey Oil Tools, Inc. will hereinafter be referred to as Dailey, Houston Oil Field Material Company, Inc. will hereinafter be referred to as HOMCO, Hunt Tool Company will hereinafter be referred to as Hunt Company, and the individual parties to the suit will be referred to by their surnames only. Witnesses may likewise be referred to by surnames only.

The patents in suit involve what are popularly known in the trade as "fishing tools," being tools designed for use in removing stuck objects from oil wells. Dailey is the owner of the Costello patent. Lawrence is the owner of the Lawrence patent. Dailey is the holder of an exclusive license under the Lawrence patent and HOMCO is a sub-licensee thereunder. Davis, Hostutler and Williams are the owners of the Davis patent, and Hunt Company is the licensee thereunder.

Application for the Costello patent was filed May 10, 1938 and patent was issued February 13, 1940. Application for the Lawrence patent was filed January 9, 1945 and patent was issued May 29, 1945. Application for the Davis patent was filed October 3, 1940 and patent was issued June 24, 1941. Plaintiffs base their suit upon Claims 1, 2 and 16 of the Costello patent and Claims 5 and 6 of the Lawrence patent. Defendants and cross-plaintiffs base their suit upon Claim 10 of the Davis patent. Of the three patents in suit Costello is the oldest and Lawrence is the newest.

Dailey manufactures and uses commercially a fishing tool which we will hereinafter refer to as the Dailey tool. Hunt Company manufactures and uses commercially a fishing tool which we will hereinafter refer to as the Hunt tool. Plaintiffs assert that the Hunt tool infringes their patents and defendants and cross-plaintiffs assert that the Dailey tool infringes their patent.

The Costello patent presents a fishing tool employing hydraulic lifting power wherein it is designed that the walls of the casing be utilized as the hydraulic pressure cylinder. The evidence shows that it is not a practical commercial tool, the impracticability being that there is no standard to be found in casing walls and that they are not dependable as hydraulic cylinders because of leaks and inability to withstand internal pressures. The Lawrence patent presents a fishing tool which also employs hydraulic lifting power and provides hydraulic pressure cylinders within the tool and provides for a plurality of aligned cylinders to multiply lifting power. The Dailey tool embodies these principles.

The fishing tool presented by the Davis patent is not a hydraulically powered tool but is a lifting device powered by screw-jacks.

The Hunt tool employs hydraulic lifting power and has a plurality of aligned cylinders.

In brief, plaintiffs' evidence shows a long-existing demand in the oil industry for an effective fishing tool. Plaintiffs' evidence shows successful operation of the Dailey tool as early as 1946 and continued successful use thereafter.

Mr. Davis testified to one successful use of his screw-jack tool near Corpus Christi, but there is no evidence of its continued use. Mr. Thomas N. Hunt, an officer of Hunt Company, testified that the screw-jack tool will operate but is not commercially profitable. Mr. Hunt further testified that he had knowledge of the Lawrence patent as early as September 1948. Hunt Company negotiated with Davis, Hostutler and Williams for acquiring the exclusive license rights under the Davis patent in October and November of 1948 and completed the acquisition of such rights on February 16,

1949. Mr. Hunt testified that he was never interested in making a screw-jack pulling tool like that disclosed in the Davis patent. He further testified that he wanted to make a hydraulic pulling tool and that he instructed his chief engineer, Mr. George Harrington, to design such a tool. Mr. Hunt testified that he asked Mr. Harrington if he could take the Davis patent and make a hydraulic tool out of it and Harrington answered that he could build a hydraulic pulling tool that wouldn't infringe anybody.

The Dailey tool and the Hunt tool are not identical but are similar, except that they appear to be identical in function. Operation of the two tools appear to be based upon the same principles. It is my opinion that application of the doctrine of equivalents would identify the Hunt tool as a copy of the Dailey tool.

■ I am of the opinion that plaintiffs possess valid inventions of a hydraulic pulling tool under their Costello and Lawrence patents and that they have been infringed by the Hunt tool. Judgment will be entered in favor of plaintiffs and against the defendants and against the cross-plaintiffs on their counterclaims.

The following are filed as findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiffs have title in the Costello patent 2,190,442 and in the Lawrence patent 2,377,249 in suit.

2. Claims 1, 2 and 16 of the Costello patent are valid. These claims are directed to a combination of elements for pulling stuck objects from oil wells by the application of hydraulic force. The combination consists of two spaced elements adapted to be run into the well on an "operating string" such as tubing, slip mechanism for anchoring one of the elements to the casing in 'the well, a grapple for connecting the other of the elements to the stuck object and means for introducing fluid pressure into the chamber formed between the two elements.

3. The Costello patent is a pioneer patent. Prior to the filing date of this patent on May 10, 1938, there was no machine available for pulling objects from oil wells, hydraulically operated or otherwise, except by connecting a grapple thereto and lifting the grapple with the operating string from the surface of the well. Prior to May 10, 1938, the known means were wholly inadequate for pulling stuck objects from wells and the common practice was to cut the stuck object up into pieces and remove the pieces one at a time. The combination proposed by Costello has solved a problem which had existed for a long time and has saved the oil industry large sums of money. The Costello patent is entitled to a broad range of equivalents.

4. Claims 5 and 6 of the Lawrence patent are valid. These claims are directed to a combination of elements for pulling stuck objects from oil wells by the application of hydraulic force, and the combination employs the same mode of operation as the earlier Costello patent, but Lawrence made important improvements over Costello. The Costello structure did not lend itself to the use of more than one pressure cylinder so that the total force which could be applied hydraulically was limited. Lawrence so constructed the pulling elements that any reasonable number of pulling cylinders could be employed. Claim 5 of the Lawrence patent defines a combination consisting of an operating string, a plurality of aligned cylinders, pistons in the cylinders, a grapple, means such as slip mechanism for anchoring the cylinders to the casing in the well, and ports for conveying fluid under pressure from the operating string to the cylinders to elevate the pistons, operating string and grapple. Claim 6 of the Lawrence patent defines essentially the same combination as Claim 5 thereof, but adds one more element to the combination, this being the outlet ports above the pistons in the cylinders.

5. While the Lawrence patent does not have the pioneer status accorded to the Costello patent in this art, Lawrence

was the first to supply the industry with a hydraulic pulling tool, and this patent is entitled to a reasonably broad range of equivalents.

6. There is no anticipation in the prior art of the combinations of Claims 1, 2 and 16 of the Costello patent in suit or of Claims 5 and 6 of the Lawrence patent in suit; and the inventions defined in these claims are of a high order.

7. Plaintiffs are not estopped, by reason of any of the proceedings in the Patent Office, from a broad application of equivalents to Claims 1, 2 and 16 of the Costello patent and Claims 5 and 6 of the Lawrence patent in suit. No amendments were made in these claims at any time during the prosecution of the applications, to avoid the prior art or otherwise. All of the claims in suit were allowed as filed. Claims 1 and 2 of the Costello patent, and Claims 5 and 6 of the Lawrence patent were allowed in the first actions taken by the Examiners, and it was never necessary for the attorneys to ask for any construction thereof, and no comments were made thereon either by the Examiners or by the attorneys. While Claim 16 of the Costello patent was presented to the Patent Office by amendment, it is directed to the same combination as Claims 1 and 2 which had previously been allowed by the Examiner. There is no difference between the monopoly asserted before the Patent Office and that presently claimed in either the Costello patent or the Lawrence patent in suit.

8. Plaintiffs have not been guilty of laches in the assertion of their rights under the Costello patent and the Lawrence patent in suit.

9. Defendants, Hunt Tool Company, Louis Davis and Ray Hostutler, have jointly infringed Claims 1, 2 and 16 of the Costello patent in suit, and Claims 5 and 6 of the Lawrence patent in suit, by the manufacture and use, in the Southern District of Texas and elsewhere in the United States, of the hydraulic pulling tool shown and described in the catalog (PX–1) of the Hunt Tool Company.

10. None of the asserted claims of the Costello and Lawrence patents in suit reads literally upon the hydraulic pulling tool shown and described in the catalog (PX–1) of the Hunt Tool Company. Infringement exists by virtue of the fact that the hydraulic pulling tool of said catalog employs combinations which are the full mechanical equivalent of the combinations defined in the asserted claims. Claim 1 of the Costello patent recites that the two spaced elements are "adapted to seal with the wall of the well to define a chamber in the well," and Claims 2 and 16 of this patent contain a similar recital. The Hunt pulling tool has a cylinder integral with one of its spaced elements, so that its two spaced elements are sealed with respect to each other to define a chamber in the well. The Costello patent suggests this construction to one skilled in the art, and this difference in structure is only one of form and is not sufficient to avoid the charge of infringement. Except for this difference in form, the Hunt pulling tool is identical with that defined in Claims 1, 2 and 16 of the Costello patent; the mode of operation is the same; and the result is the same. The Hunt hydraulic pulling tool has the same elements as those defined in Claims 5 and 6 of the Lawrence patent in suit, and they have the same mode of operation and produce the same result. There is no literal reading of Claims 5 and 6 of the Lawrence patent on the Hunt tool because the Hunt tool reverses the position of the cylinders and pistons in the assembly, and makes some elements of two parts instead of one. These differences are merely differences in form and involve only mechanical equivalents. Provision is made for relative movement between some of the parts of the Hunt tool at times, and this is an advantage because it enables the opening and closing of valves to circulate fluid in the well before or after the pulling stroke. Yet there is no relative movement between the operating string, the cylinders and the grapple during the pulling stroke. Hence the provision for relative move-

ment has no effect on the operation of the combination claimed in the Costello and Lawrence patents in suit.

11. The Hunt hydraulic pulling tool incorporates some improvements over the disclosures of the Costello and Lawrence patents in suit, but these improvements do not affect the operation of the essential features of the Hunt tool insofar as the combinations of the asserted claims of the Costello and Lawrence patents are concerned.

12. The infringement by defendants was willful. The combination of the Lawrence patent was deliberately copied. The changes in form and reversal of parts were made in an attempt to disguise the infringement.

13. Rights under the Davis patent No. 2,247,188 were purchased by the Hunt Tool Company for the purpose of concealing the usurpation of rights of plaintiffs under the Lawrence patent in suit, and to dissuade plaintiffs from asserting their rights.

14. The Davis patent is invalid. The structure there disclosed is inoperative and is lacking in utility. Claim 10, which is the only claim asserted in the counterclaim by defendants in this action, does not define invention over the disclosure of the Costello patent, the application for which was filed in the Patent Office before Davis claims to have made his invention.

15. The Davis patent is not infringed by plaintiffs' hydraulic pulling tools. If construed to distinguish from the teachings of the Costello patent, the Davis patent is limited to a mechanical screw-jack pulling tool which is not employed by plaintiffs.

## Conclusions of Law

1. This court has jurisdiction of the subject matter in suit, and over the parties involved.

2. A patent granted by the United States Patent Office is presumed to be valid.

3. Patents on important combinations of elements are not rendered invalid by a showing that some or all of the elements making up the combination are, by themselves, old in the art. To anticipate a patent on a combination of elements, it is necessary to find that combination in the prior art.

4. Patents on important new combinations of elements are entitled to a broad range of equivalents. Infringement of the claims of such patents is not avoided by making changes in form, or making an element of the combination of two parts instead of one, or by mere reversal of parts. The doctrine of equivalents applies even though the changes avoid a literal reading of the asserted claims on the accused device.

5. The doctrine of file wrapper estoppel does not apply to a mere revision as to the form of claims during the prosecution of the application in the Patent Office. It is a question of substance, not terminology. The essence of the doctrine of file wrapper estoppel is that the applicant has taken some position in securing the allowance of claims which it would be inequitable to later permit him to change in order to apply the doctrine of equivalents. Estoppel does not apply where the applicant has not taken any position in the Patent Office as to the claims asserted in action for infringement, and especially where the asserted claims were never rejected on the prior art. Estoppel does not apply unless a patentee is seeking, in a suit for infringement, to have a monopoly on subject matter he specifically disclaimed by some act during the prosecution of his application for patent.

6. Infringement is not avoided by making improvements on a patented combination, especially where the improvements relate to parts of the machine which are not used when the patented combination is in use. This rule applies even though the improvements are, in themselves, patentable.

7. A patent on a structure which is lacking in utility is invalid.

8. The claims of a patent are not infringed when they have to be construed broadly to define the accused device, and when so construed, they define exactly what was old in the prior art.

Copies hereof will be forwarded by the Clerk to counsel of record, who will draft and submit decree conforming herewith. Copies hereof will also be forwarded to Messrs. Hostutler and Williams.