**HUNT TOOL COMPANY and Louis Davis, Appellants,**

v.

**Richard R. LAWRENCE, Dailey Oil Tools, Inc., and Houston Oil Field Materials Co., Inc., Appellees.**

**No. 16378.**

United States Court of Appeals
Fifth Circuit.

March 15, 1957.

Rehearing Denied April 22, 1957.

Writ of Certiorari Denied June 10, 1957.
See 77 S.Ct. 1296.

**348**

J. V. Martin, John C. Snodgrass, Houston, Tex., Vinson, Elkins, Weems & Searls, Joe E. Edwards, Houston, Tex., of counsel, for Hunt Tool Co.

Wm. E. Ford, Houston, Tex., for Louis Davis.

Earl Babcock, Duncan, Okl., Lawrence P. Gwin, Bay City, Tex., James F. Weiler, Houston, Tex., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment of the district court[1] upholding the validity of two of plaintiff-appellees' patents and holding that they were deliberately infringed by appellants' tool, and disposing of appellants' counterclaim by holding their patent invalid and not infringed by appellees' tools.

The technical problem to which the several patents and mechanisms at issue are addressed is the devising of a method for "fishing" out of an oil well an object (the "fish"), usually the "liner," that is stuck deep down in or below the "casing"; a mere pull exerted from the surface is frequently not adequate, for the very weight of the grappling tool and its connections many of thousands of feet up to the surface may strain the drilling rig, etc. to its capacity. The basic approach of all the devices here involved is to anchor one part of the "fishing tool" to the well casing reasonably close to the stuck object, to attach another part of the tool to the object itself, and then to exert a force between the two parts of the tool that will cause the object to be moved upward; once it slides freely it can of course be lifted out by conventional means.

The three patents at issue are:

The Costello Patent, No. 2,190,442, applied for on May 10, 1938, and issued on February 13, 1940, is owned by the appellee Dailey Tool Company (Dailey) and is licensed to the appellee Houston Oil Field Material Company (HOMCO). It describes, in its disclosures and its here pertinent claims (1, 2, 16) a device whereby one horizontal plate is fixed across the casing above the stuck object and another movable plate (denominated: "piston") is placed above it in the casing; a "grapple" is attached to the object below and is connected through the lower fixed plate to the upper movable one by means of a hollow tubing, the "string," which extends to the surface. Through the latter, and by means of an outlet in the tube between the two plates, fluid is pumped down and thus hydraulic pressure is exerted between the two plates which causes the upper one to lift up and pull the grapple and attached object with it. As described in each claim no special cylinder is required to contain the fluid horizontally, since that function is to be performed by the well casing into which the two plates are to be carefully and closely fitted. Although two earlier patents (Swan, No. 1,568,027, and Miller, No. 1,813,459) dealt with the use of hydraulic pressure to remove stuck objects, the Costello patent is apparently the first one in which the necessary force is exerted against a support fastened to the wall casing fairly close to the object, thus avoiding the possibility of breaking the string by putting a long section of it into tension as well as other problems involved in attempting to exert the necessary force directly from the surface. It does appear, however, and the district court

found, that no commercially practical tool has or can be built exactly according to the Costello description since well casings are not uniform enough in diameter to permit the necessary close fitting of the plates nor are they strong and tight enough to withstand the pressure of the hydraulic fluid, and finally the device does not lend itself to the use of more than one pair of plates and so the total force that may be exerted is limited to the product of the available hydraulic pressure and the area of the movable plate.

The Davis Patent, No. 2,247,188, applied for on October 3, 1940, and issued on June 24, 1941, is owned by appellant Davis and by Hostutler and Williams, and is licensed to the appellant Hunt Tool Company (Hunt). In this device the portion of the tool that is fixed to the casing is placed above the movable member, which in turn is attached to the "fish" below it; the force between these two members is exerted by means of a threaded rod turned from the surface. In principle the force may be multiplied by adding additional pairs of members. Appellants point out that Claim No. 10,[2] on which they rely, does not specify the means by which the force is to be exerted, either as mechanical or as hydraulic, though the disclosures and all the accompanying illustrations show a screw type device; the district court expressly stated that the patent presents not a hydraulic but purely a screwjack powered tool, and as so described is inoperative and lacking in utility. Apparently only one tool has ever been constructed according to the Davis patent and though there is some testimony that the tool was once applied successfully this point is in considerable dispute.

The Lawrence Patent, No. 2,377,249, applied for on January 9, 1945, and issued on May 29, 1945, is owned by appellee Lawrence, licensed to appellee Dailey, and sublicensed to appellee HOMCO. It describes a device in which a series of cylinders are fixed, one above the other and to the casing; inside each of these there is a movable piston, all of which are attached to the central string which extends both up to the surface and downward to the grapple and through which is forced the fluid by which the pistons are lifted in the cylinders. Like Costello it uses hydraulic pressure and basically consists of a plate fastened to the casing (i.e. the bottom of each cylinder) and a movable plate above (i.e. the piston) fastened to the string, between which two plates the force is exerted; unlike Costello actual cylinders are used instead of depending on the casing walls to contain the fluid pressure and thereby the several objections that make the Costello device impractical are overcome. Like Davis it may make use of a series of pairs of "plates" which permits multiplication of the force, but unlike it it is specifically a hydraulic tool. Apparently at least one successful tool was made precisely according to this patent, but later tools manufactured by the appellees contain certain departures from it which make the devices commercially more valuable.

Dailey and HOMCO both manufacture commercially successful tools under the Costello and Lawrence patents, though as noted their design does not follow exactly the illustrations of the "preferred embodiment" in the disclosures. Hunt manufactures a commercially successful tool allegedly under the Davis patent, of which the district court said: "It is my opinion that the application of the doctrine of equivalents would identify the Hunt tool as a copy of the Dailey tool." It is described further below. Both sides claim that the other's tool infringes their patent and that their

2. "10. A screen and liner puller comprising a tool formed of tool sections, members mounted in said section to move inwardly and outwardly relatively to the sections for connecting one section to a casing and the other section to a screen and liner, means for projecting the members, and means connecting the sections and movable relatively thereto for moving the sections relatively to one another."

tool does not infringe the "invalid" patent(s) of their opponents.

The Hunt tool consists of a series of vertically connected cylinders, none of which is fastened to the casing, to the bottom one of which is attached the grapple which secures the stuck object. Inside each cylinder there is a piston, all of which are connected through a hollow central shaft through which the hydraulic fluid is introduced into each cylinder; this vertical series of pistons is attached to the casing—thus providing the rigid point of support against which the lifting force is exerted. The force is hydraulic and acts between the top surface of each piston and the bottom surface of the top plate on each cylinder, causing the cylinders to rise and pull the grapple up with them. Unlike the devices specifically described by Costello and Lawrence, neither the pistons nor even the movable cylinders are attached rigidly to the string from the top; however, during the crucial pulling stroke the string must be pulled from the top at the same rate that the cylinders are being forced up by the hydraulic pressure else the flow of fluid is cut off by means of a special valve arrangement, and thus the movement of the pistons and the string is coordinated as if they were rigidly fastened together. Like the Costello patent the Hunt tool has a plate(s) fixed with respect to the casing against which a hydraulic force is exerted upward against a plate(s) that is attached to the grapple; unlike it, it has a series of enclosed cylinders, and thus need not rely on the casing itself to contain the hydraulic fluid laterally, nor are the "pistons" attached either to the string from above or to the grapple beneath but are here the element that is fixed to the casing. Like the device described in the Lawrence patent it has a series of enclosed cylinders as well as the other principal features in which Lawrence resembles Costello; unlike it it has vertically mobile cylinders that are attached to the grapple, and pistons that are attached neither to the string nor to the grapple; it also has a number of other features which appellees concede may be patentable improvements over the Lawrence device. Its resemblance to the Davis patent on which it allegedly relies is limited to the fact that the Davis patent too may suggest a device consisting of more than one vertically arranged set of paired plates—the feature in which it is said to anticipate the Lawrence patent.

The district court, after studying many exhibits, including a visit to the Hunt plant for a look at a full scale model of appellants' tool, and after hearing much expert testimony, decided in substance that:

1. The Costello patent is valid though the exact device it describes is not commercially feasible, but since it is the first development in a new and important field it should be considered a pioneer patent entitled to a broad range of equivalents.

2. The Davis patent is limited to a screw-jack type device, and as such is inoperative and thus invalid; insofar as its claims may be more broadly construed to cover a hydraulic device as well it was anticipated by Costello.

3. The Lawrence patent embodies the first practical application of the Costello principles, and though not entitled to pioneer status, it too is of a high order of inventiveness and entitled to "a reasonably broad range of equivalents."

4. Though none of the pertinent claims of the Costello and Lawrence patents reads literally on the Hunt tool, this tool nevertheless infringes them by application of the doctrine of equivalents, since it differs from them only in form and not in substance. The court further found that the Hunt tool was in effect a deliberately altered imitation of the Dailey tool which is derived from the devices described in the Costello and Lawrence patents; the Davis patent is used by appellants merely to hide this usurpation by them of appellees' rights under their patents.

5. The Davis patent is not infringed by the Dailey or HOMCO tools since

the latter are hydraulic and the former is limited to mechanical devices.

Appellants broadly attack all of the technical findings of the lower court. The burden of the interrelated strands of their argument is that for various reasons appellees' patents should be narrowly construed so as not to cover appellants' device, while contending for a broad construction and coverage, as well as for validity of their own Davis patent. They claim that the Costello patent covers only a "combination" of old, well-known devices and principles (pistons, cylinders, and the use of hydraulic force) which should be narrowly construed to cover only the exact combinations claimed and should not be given the broad construction of a pioneer invention; they also claim "file wrapper estoppel" against any broad construction of the claims since Costello had been required by the patent examiner to withdraw certain broadly drafted claims; finally they assert that the finding of commercial inutility by the district court is sufficient to invalidate the patent. Similarly they assert that Lawrence attempts to patent a mere combination, which actually should be held to be unpatentable as a mere mechanical advance over the Costello device, or at most should be allowed a very narrow construction since at the time it was filed the field was already largely covered by the Swan, Miller, Jones, Costello, and Davis patents; they assert that the only advance contained in the patent is the use of a multiple set of hydraulic elements which is either unpatentable as a mere multiplication of the device described by Costello or as anticipated by and infringing on the use of multiple elements suggested by Davis; again file wrapper estoppel is urged since Lawrence too had been required to drop his most broadly drawn claim. On the issue of infringement appellants complain mainly that the district court incorrectly compared their accused tool not with the claims of the Costello and Lawrence patents but with the Dailey and HOMCO tools which actually differ considerably from the protected designs; they assert that not only do the claims of the patents not read literally on the Hunt tool but that no mere process of reversal or inversion of parts or the application of recognized equivalents will yield the Hunt tool from the patented devices since in all of the latter the string, the grapple, and the movable pistons are rigidly fastened together while in their tool the string is not fastened to, and thus may be independently manipulated from, the grapple, the pistons, and the cylinders. Finally they assert the validity and applicable coverage of their Davis patent on the grounds that its claims may be construed to cover the use of hydraulic as well as of mechanical forces and though the illustrations are only of the latter the two are recognized as interchangeable equivalents; they also dispute the finding of inutility and consequent invalidity by the district court, relying on the one partially successful attempt that was made by the inventor to utilize his tool.

■■ It appears to us that none of appellants' contentions regarding the validity of the Costello and Lawrence patents overcomes the studied and careful findings of the trial court and the presumption of validity that attaches to the issuance of any patent. We agree with the district court that Costello's development in describing a fishing tool in which the principal force to dislodge the stuck object need not be exerted through many thousands of feet from the surface but can be effected against a support close to the object is worthy of pioneer status and thus to a broad range of equivalents; it quite apparently filled a long felt need. The fact that one ultimately impractical suggestion was also included: that the casing could serve as a cylinder wall, which actually makes the device inapplicable to general use with weak, varying, and irregular casings, though not necessarily in a particular one, does not vitiate the invention or the patent. Lawrence added the ingredient that would make the Costello invention generally applicable: the idea

of using enclosed cylinders, as many as may be necessary, to contain the lateral pressure of the fluid in a way that the casing itself could not. Though perhaps in the event this development seems natural it apparently took some five years in an intensely competitive field for the idea to occur to anyone; thus we cannot say that this was a mere unpatentable mechanical advance. 40 Am.Jur., Patents § 53. Though not of as high an order of invention as the Costello patent it nevertheless appears broad enough to cover the use of enclosed cylinders and pistons, one of which is attached to the casing and the other to the grapple and any simple inversions of that design.

Similarly we cannot agree with appellants that the Hunt tool does not infringe the Costello and Lawrence patents. As to the former it need merely be pointed out that the Hunt tool too makes use of the important principle of seeking support for one part of the tool by an attachment to the casing close to the stuck object. As to the latter we note that both employ enclosed cylinders containing pistons and the necessary force is exerted by the movement of one of these sets of elements relative to the other forced by the pressure of a fluid pumped into an appropriate chamber of the cylinder. The fact that in one instance the cylinders are attached to the casing while the pistons are the moveable part attached to the grapple, while in the other this relation is inverted does not seem to be a sufficient departure from the protected design to avoid infringement. Appellants make much of the fact that in the Lawrence claims the pistons are "fixed on the string" while in the Hunt tool there is no rigid attachment between the string and either the pistons or the here corresponding cylinders. But though this lack of a fixed connection makes it possible to adjust and use the tool more freely and flexibly, during the crucial pulling stroke the upward movement of the grapple and cylinders is actually coordinated with the lifting of the string from the surface by means of a valve which shuts off the flow of the hydraulic fluid if the former should rise more rapidly than the latter; thus for all practical purposes the cylinders (which in the Hunt tool correspond to the pistons of the Lawrence disclosures and claims) are "fixed" to the string when the tool is actually performing its function. Quite possibly the mechanical separation of the string from the tool, and the valve above referred to are useful and perhaps patentable improvements, but they do not give their inventor the license to infringe on the protected devices to which they apply.

We are more inclined toward the view of approving the finding of infringement because of the determination of the trial court that the Hunt tool is merely a deliberately altered version of the Lawrence device, a conclusion that was reached by considering the relation and transactions among the various parties and the history of the development of the Hunt tool. As the Supreme Court has pointed out:

"When the ideas necessary to success are made known, and a structure, embodying those ideas, is given to the world, it is easy for the skillful mechanic to vary the form by mechanism which is equivalent, and is, therefore, in a case of this kind, an infringement." Consolidated Safety-Valve Co. v. Crosby Valve Co., 113 U.S. 157, 179, 5 S.Ct. 513, 525, 28 L.Ed. 939.

Appellants apparently deliberately embarked on a perilous journey between Scylla and Charybdis, without even making certain that there was at all any open water between them, and now they wish us to follow their imagined safe path. On the one hand they argue that the Costello patent should be held restricted to, and therefore probably invalid as unusable, a device not making use of separate cylinder walls; yet on the other they argue that the Lawrence invention which removes this limitation, is a mere unpatentable mechanical advance, probably not entitled to patentability at all or at best to the very narrowest construction. Thus though these

two patents together describe a very valuable tool, and are actually now controlled by the same interests, appellants wish to avoid infringement merely because they copied a device brought to fruition in two rather than in a single stage, by two separately identifiable and patentable advances. This we hold they cannot do.

■■ The district court held that the doctrine of file wrapper estoppel is not available here to limit the construction of the claims of appellees' patent. With this we agree. In neither application was there any revision made in the allowed claims, though in both the patent office originally disallowed and the inventor later withdrew one or more claims. Though there may be instances in which such a retreat does estop the patentee from later claiming a construction for the unchanged and allowed claims that would in effect recapture the territory initially abandoned, this is not so here.

Costello abandoned three claims, Nos. 1, 18, and 19, of the original and amended applications; as the patent office pointed out all three were unstatutory on their face, without regard to the details of the invention to which they applied,[3] and thus there can be no implied restraint on the construction of the remaining claims. The situation as to Lawrence is somewhat more difficult to evaluate since the rejection of his original Claim No. 1 was apparently for conflict with the prior art.[4] A reading of the patents referred to in the rejection (none of which deal with a fishing tool *anchored to the well casing*) and a comparison of the rejected claim with the claims that were allowed, shows that the only apparent difference is the addition of the clarification in the other claims that "the grapple will be moved upwardly upon application of fluid under pressure into the cylinder."[5] There is nothing to substantiate appellants' claim that the significant difference

3. Claim No. 1 read as follows:
   "1. Each and every novel feature and combination and arrangement of novel features present in the mechanism herein disclosed."
   It was rejected with the following comment:
   "Claim 1 is rejected as obviously unstatutory. (Sec. 4888, R.S. [now 35 U.S. C.A. § 112].)"
   Claims 18 and 19 read as follows:
   "18. The method of recovering an object from a well having a casing comprising, engaging the object with a fishing string, establishing a chamber in the casing by fixing an abutment in the casing and providing a piston on the string above the abutment and then introducing fluid pressure to the chamber to act on the piston to raise the object.
   "19. The method of recovering an object from a well having a casing comprising, engaging the object with a fishing string, establishing a chamber in the casing by fixing an abutment in the casing and providing a piston on the string above the abutment, introducing fluid pressure to the chamber to act on the piston to free the object, raising the string from the well to recover the object, and bypassing the well fluid past the piston and abutment while moving the string in the well."

The rejection was as follows:
"Claims 18 and 19 are rejected as functional, being drawn to the function of the apparatus. Processes which represent only the function of machines, or the effects produced by such machines upon the material subjected thereto, are not patentable, for it is well settled that one cannot have a patent for the function or abstract effect of a machine, but only upon the machine itself.

4. Claim No. 1 read as follows:
   "1. A pipe puller adapted to be lowered into a well and comprising, a tubular operating string, a cylinder thereon whose lower end is closed, a piston on the string and located in the cylinder, a grapple on the string beneath the cylinder, said string having an outlet port into the cylinder and means for anchoring the cylinder to the wall of the well bore."
   The rejection was as follows:
   "Claim 1 is rejected as unpatentable over Hughes or Grinnell each showing a string of pipe, a cylinder slidable on the pipe, a piston slidable on the cylinder and wall engaging slips movable by the piston. The tools may be used to pull pipes, as taught by Jones or Newkirk, without involving invention."

5. This wording taken from original Claim No. 2, now No. 1; similar phrases are included in the other claims.

between the rejected claim and the others is the phrase in all the latter that there be "a piston fixed on the string" since these are merely the equivalents of the words "a piston on the string" used on the former claim; the reference to the several patents cited do not make such a distinction a plausible ground for the rejection. Also, since the patent examiner's objection was with reference to the prior art, appellants are protected by file wrapper estoppel only if they can show that their alleged infringement is in an area to which the prior art could possibly have been thought to extend so as to make it impossible to make valid claims there, for there is no reason to presume that applicant made a disclaimer broader than necessary to yield to the actual challenge to his claim. See New York Scaffolding Co. v. Whitney, 8 Cir., 224 F. 452, 462, certiorari denied, 239 U.S. 640, 36 S.Ct. 161, 60 L.Ed. 482.

 The district court held the Davis patent invalid upon dual grounds: (1) as inoperative and lacking in utility; (2) as anticipated by the Costello patent, at least to the extent of Davis Claim No. 10, supra. Insofar as that claim may be construed to refer to a hydraulically operated tool this second conclusion is undoubtedly correct since the proviso "for connecting one section to a casing" is precisely the crucial invention of the Costello tool; since that claim appears to have little other content its invalidation is not erroneous. However, the district court's conclusion that the entire structure disclosed in that patent is useless appears to be based merely on the one inconclusive experiment in which the tool was used but upon being pulled back to the surface it was found that the "fish" had escaped from the grapple; since there was some inherently not incredible testimony that the object had first actually been moved and since in any case no conclusion of general inutility can follow from one unsuccessful experiment, we hold that the district court went too far in invalidating the entire patent. In any case that was not necessary since we

can see no possible conflict between the invention disclosed or the claims made in the Davis patent and the hydraulic tools of Dailey and HOMCO that allegedly infringe it or the Lawrence patent that it allegedly anticipates. Granted that in many instances a hydraulic force may be the equivalent of a mechanical one and may be substituted for it under the doctrine of equivalents, the problem solved by the Lawrence patent was *how* to apply a hydraulic force successfully to the basic Costello design, and to that problem Davis made no contribution.

Except insofar as this opinion refers to the validity of the Davis patent, the judgment of the district court is

Affirmed.