### A. SCHRADER'S SONS, INC., v. WEIN SALES CORPORATION.

(Circuit Court of Appeals, Second Circuit. June 13, 1925.)

No. 361.

**1. Appeal and error ⟨⟩1078(1)—Matter not assigned as error, nor argued on appeal, will not be considered on appeal.**

Matter not assigned as error, nor argued on appeal, will not be considered on appeal.

**2. Patents ⟨⟩81—Defendant in infringement suit has burden of proving public use.**

In suit to restrain infringement of patent, defendant has burden of proving public use of invention.

**3. Patents ⟨⟩75—No distinction between public use of device by another and by inventor.**

On issue of public use in patent infringement suit, there is no distinction between use by another and by inventor.

**4. Patents ⟨⟩75—Experimental use of device held not "public use," barring patent.**

Experimental use of device for short time by inventor in his own factory, to which no one except one employee was admitted, without ex-

acting formal pledge of secrecy from employee, *held* not a "public use," barring patent.

**5. Patents ⟨⟩75—Use of single specimen of device in factory may be "public use."**

Use of single specimen of device, even in a factory in presence of employees only, though concealed by nature of invention itself, may be "public use," where factory is open for many employees to come and go.

**6. Patents ⟨⟩75—Use of device, which had passed experimental stage, in experimenting in making another device, held not to prevent its being "public use."**

Use of tire gauge, which had passed experimental stage, in experimenting in making leather tires, would not partake of experimental nature of work on tire, so as to prevent its being a "public use."

**7. Patents ⟨⟩81—Burden held on plaintiff to show by convincing proof that use of device was experimental, and not public.**

Once a use is shown to be public, plaintiff, suing for infringement thereof, must establish by convincing proof that it was experimental.

**8. Patents ⟨⟩328—927,298, claims 1–3, for pressure gauge for pneumatic tires, held infringed.**

Twitchell patent, 927,298, claims 1–3, for pressure gauge for pneumatic tires, *held* valid and infringed, under doctrine of equivalents.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit by A. Schrader's Sons, Inc., against the Wein Sales Corporation. Decree for complainant (3 F.[2d] 999), and defendant appeals. Affirmed.

Appeal from a decree holding claims 1, 2, and 3 of patent 927,298 valid and infringed. The patent in suit was for a gauge for pneumatic tires. The application was filed on October 9, 1908, and the patent issued on July 6, 1909. The gauge consists of a metal housing or tube, one end of which is closed, though slotted, and the other open. In the open end is fitted a packing, leaving an opening into the body. Through the opening in the packing a pin passes, called an "anvil," secured from longitudinal motion in the tube by a washer above it. When the tube is pressed about the air valve of a tire, the "anvil" enters and unseats the valve, and allows the air to enter the tube. Within the tube is a gauge, which consists of a bar with graduated numbers held at its lowest position by a piston head, which fits hermetically about the sides of the tube, and at its upper end by the slot through which it slides. As the air enters from the air valve of the car, it presses the piston head upward against a spring, between the upper side of

the piston and the closed end of the tube. The air pressure is measured by the extent to which the spring is compressed, and is recorded by the gauge.

The defendant's gauge is substantially the same as that of the patent in suit, except for one detail. The recording bar, circular in form, slides through the top of the tube, and is not fixed to the piston, so that, when the piston returns, it remains in place, held by friction along the sides of the tube. Thus, when the gauge is taken off and the spring is released, the air pressure is permanently recorded by the gauge, until it is pushed back to zero. As the claims are substantially alike, claim 2 alone need be stated. It is as follows:

"2. As an article of manufacture, a pressure gauge for pneumatic tires, comprising a housing open at one end, a seat at such end for fitting against the air valve casing of a pneumatic tire, means also at such end for unseating such air valve, and a spring-held gauge bar within said housing and projecting through an opening in the outer end thereof, said gauge bar having a piston head at its inner end."

The patent, which has nearly expired, has been the subject of many litigations. It was held valid and infringed by Judge Wellborn in California, by Judge Claybaugh in the District of Columbia, and by Judge Landis and Judge Sanborn in Illinois. In other cases consent decrees were obtained. No case has gone to any Circuit Court of Appeals.

The defendant challenges the validity of the patent on two grounds: First, that it was anticipated by two English patents to one Turner, numbered respectively 17,388 and 17,679 of 1906; and, second, as ancillary to this defense, that, although the plaintiff carried back his invention before Turner's publication dates, his proof shows that his invention was in prior public use more than two years before his application, and was therefore abandoned under the statute.

Turner's patents, which may be regarded as substantially one, were filed within five days of each other, in August, 1906, and were sealed, respectively, on the 25th of April and the 16th of May, 1907. The earlier patent disclosed a tube with an open end to fit frictionally over the air valve of the tire and an "anvil" to unseat it. The air from the tire entered into an air chamber and actuated a dial gauge similar to the ordinary steam gauge. The second patent operated precisely as the patent in suit, except for the fact that the anvil was threaded, and had to be screwed into the air valve itself, unseating it as it went. The defendant argues that it was not invention to use the gauge, with its piston of the second patent, with the unseating device in the open tube of the first.

To meet the anticipation of these patents the plaintiff proved by Twitchell, the patentee, that he had invented his gauge during the first week of September, 1906. It is not material to set forth in detail the identity of the gauge so used with the patent in suit, because, though crude in form, it substantially reproduced Turner's dial gauge. The question is whether the use so made was or was not public within the meaning of the statute. The patentee testified that the device was used many times, so that the "anvil" (which was made of wood) was several times renewed. At the time he was experimenting with the manufacture of leather tires, and his factory was used only for that purpose. Nobody was allowed in it but himself and his employees. The gauge was another of the experiments that they were using. He was corroborated by two of his assistants, one of whom did not start in the factory until January, 1907, less than two years before the application.

William H. Davis, James L. Steuart, and R. Morton Adams, all of New York City, for appellant.

Eugene V. Myers, Arthur C. Fraser, and William A. Redding, all of New York City, for appellee.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1-3] We do not consider whether the plaintiff's evidence was sufficient to carry the date of invention back of Turner's sealing dates in April and May, 1907. The appellant has assigned no error on that point, and did not argue it before us. We assume, therefore, that Twitchell antedated Turner, and the validity of the patent depends upon whether the evidence showed that the use was public. We observe at the outset that the use must have occurred before October 9, 1906; the application having been filed two years from that date. On this issue of public use the defendant has the burden. Loew Filter Co. v. German American Filter Co., 107 F. 949, 47 C. C. A. 94 (C. A. 6); Maast Foos & Co. v. Dempster Mill Mfg. Co., 82 F. 327, 27 C. C. A. 191 (C. C. A. 8). The classic exposition of the doc-

trine is Mr. Justice Brown's in the Barbed Wire Patent Co. Case, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154, there being no distinction in this regard between prior use by another and by the inventor himself.

[4, 5] The proof, though scanty, is that no one was allowed in Twitchell's factory but himself and his assistants, who had not, however, apparently been pledged to secrecy. Had the factory been a large one, to which many employees had access, such a pledge was necessary; but this was the case of a man working confessedly upon an experiment in leather tires, and meaning to keep his work secret. Before October 9, 1906, he had but one employee, Stine, who was aware of the experimental nature of the business. Considering that the whole work was experimental, and that only these two had access to it, we think that it was unnecessary to exact from Stine a formal pledge of secrecy. It was implicit in the situation. We, of course, recognize that the use may be public, although concealed by the nature of the invention itself. Egbert v. Lippmann, 104 U. S. 333, 26 L. Ed. 755; Hall v. MacNeale, 107 U. S. 90, 2 S. Ct. 73, 27 L. Ed. 367. Again, we agree that the use of a single specimen, even in a factory and in the presence only of the employees, may be public. Brush v. Condit (C. C.) 20 F. 826, affirmed 132 U. S. 39, 10 S. Ct. 1, 33 L. Ed. 251; Smith, etc., Co. v. Sprague, 123 U. S. 249, 8 S. Ct. 122, 31 L. Ed. 141; Perkins v. Nashua (C. C.) 2 F. 451; Bliss Co. v. So. Can Co. (D. C.) 251 F. 903. But in these cases the factory was open for many employees to come and go, a distinction we regard as critical. A majority of the court does not believe that the defendant has shown the use to have been public.

[6, 7] However that may be, we all agree that, whether public or not, it was experimental. Confessedly Twitchell was engaged in experiment. The answer is that the experiments concerned only the making of leather tires, and that the gauge had passed the stage of experiment, though the main business had not. We agree that in law the distinction is good. Thompson-Houston Electric Co. v. Lorain Steel Co., 117 F. 249, 54 C. C. A. 281 (C. C. A. 2). Furthermore, we recognize that, once the use be shown to be public, the plaintiff must establish by convincing proof that it was experimental.

In spite of both considerations, we are satisfied that the use during the period in question was only experimental. Twitchell expressly so testified, and Stine corroborated him. He is further corroborated by the circumstances. The time was short finally to settle the practicability of such a device. The gauge was of a makeshift character, cobbled together with a wooden anvil, a rubber tube, and an ordinary spring gauge with a dial. To suppose that during the first four or five weeks such a device had finally demonstrated its sufficiency seems to us inherently unlikely. Especially is this true when it was made only for incidental use, in testing the products which were the chief object of the experiments. Twitchell's attention was primarily devoted, not to the accessories of his shop, but to the larger projects in which he was engaged. His definite conclusion about the gauge would come from its occasional use as part of his working kit. We must distinguish between such a case and one where he was avowedly trying to invent the tool itself. Cases like Mfg. Co. v. Sprague, 123 U. S. 249, 8 S. Ct. 122, 31 L. Ed. 141, and National Phonograph Co. v. Lambert Co., 142 F. 164, 73 C. C. A. 382 (C. C. A. 7), concerned much longer periods, one of over four years and the other of nine. They have little application to the situation at bar.

[8] Finally, we think that the claims are infringed. The issue here is whether the defendant's gauge bar is "spring-held." It was later found much more convenient not to attach the gauge to the piston head, so that it need not return with the spring. We agree that the phrase "spring-held" most naturally refers to the express disclosure, but we are not disposed to treat the claims literally. The result achieved by the patentee was to show the movement of the piston head under air pressure, and this the defendant's gauge does by precisely the same means. The return of the gauge with the spring was not one of the objects of the invention, and it was quite unnecessary to its operation. It seems to us that under the doctrine of equivalents the defendant's gauge accomplished substantially the same result in substantially the same way. The new gauge is an improvement, but it contains all the useful elements of the original invention.

Judgment affirmed.