**CASCO PRODUCTS CORPORATION v. ZAIGER et al.**

**No. 3211.**

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

·Thomas J. Byrne, of New York City (John K. Carter, of Boston, Mass., on the brief), for appellant.

Nathan Heard, of Boston, Mass. (Frederick A. Tennant, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

When this case first came before this court, the appeal of the plaintiff was sustained, and the decree of the District Court holding that the alleged patent No. 1,754,669, now owned by the plaintiff, but issued to one Cohen on April 15, 1930, was invalid as not involving invention, was reversed in an opinion filed March 15, 1937.[1]

The opinion reversing the decree of the District Court was chiefly based on the ground that it was not known, prior to the proposed use of suction cups by Cohen in the patent in suit to attach a defrosting device to windshields of automobiles, that the heat applied to the windshield by such a device to prevent ice, sleet, and snow from accumulating on the outside of the windshield, would not also cause air left in the suction cups, when attached to the windshield, to expand and so increase the pressure within the cups to such an extent as to counteract the atmospheric pressure on the outside and thus render suction cups useless as a means of attaching such a device to a glass windshield.

Suction cups for many years have been used to attach to smooth surfaces like glass many articles of different sizes and shapes, such as storm shields and glare

[1] No opinion for publication.

shields to the windshields of automobiles, devices to clear rain and snow from windshields and electric car windows, and many other similar devices of equal size with those covered by the Cohen patent, including transparent glass plates. See Tanzey patent, No. 886,273, issued 1906; Krafft patent, No. 1,186,010, issued 1916; Eibye patent, No. 1,403,545, issued 1919. None of these, however, employed the use of heat upon the windshield.

It is said that it was not known, prior to the Cohen patent, whether the application of heat to the windshield to melt snow and sleet adhering thereto would not cause the cups to release their grip and thus become useless for the function they are intended to perform, but it did not require inventive genius to solve such a problem, if it ever were a problem. A simple test would have disclosed that the conduction of heat from such a device through the glass, or the rubber of the suction cups, was so negligible as to have no effect on the gripping quality of the cups. It did not involve invention to make such a test, as this court held in Mershon et al. v. Sprague Specialties Company, 1 Cir., 92 F.2d 313, decided August 23, 1937. Neither does it appear that it ever occurred to Cohen to make such a test, nor does he set forth in his description of his patent or in his claims that it was a problem which he had solved by his alleged invention. The delay of five years in having his patent allowed in the patent office indicates that the examiner had grave doubts of its validity, or Cohen had doubts of its practicability.

The use of suction cups for attaching a defroster to a windshield was, no doubt, suggested by the many instances of their use in this and analogous arts in attaching articles to glass surfaces.

"Every inventor is presumed by the law to have borrowed from another, whatever he produces that was actually first invented and constructed or used by that other, in the United States; or was previously patented or described in a printed publication in any country after having been invented by another." Vol. 1, 6th Ed., § 82, Walker on Patents.

The several elements of Cohen's alleged invention were already in use. To combine them only required the skill of a person familiar with the prior art. Others about the same time as Cohen and without any knowledge of Cohen's alleged invention, also made use of suction cups for the same purpose; see patents applied for by Reed, No. 1,635,906, March 21, 1925; by Will, No. 1,694,676, March 21, 1925; and by Bergdoll, No. 1,565,046, April 6, 1925.

That suction cups were not sooner used for the purpose was due, no doubt, to the well-known increase in the use of automobiles in winter driving in the last decade, as the great demand for defrosters of this type when put on the market by the defendants in 1929 shows, but does not necessarily disclose an inventive faculty in their application to such use. The defendants' defroster of this type was put on the market a year before the Cohen patent was issued, and even before the invention claimed by Cohen became known to the defendants, and nearly two years before a defroster under the Cohen patent was put on the market by the plaintiff.

Devices for defrosting windshields of automobiles, or the windows of electric cars, were not new when Cohen conceived the idea of a defrosting device attached to the windshield of a car by suction cups; nor was the application of heat to the windshield by means of electric current new, or casings reflecting the heat against the windshield (which the District Court found as a fact to be old), or suction cups that may sustain "quite heavy weights"; see patent No. 392,576 issued to one Tuttle in 1888; patent No. 973,089 issued to one Walter in 1910; patent No. 1,523,312 issued to one Telfer in 1925, and patent No. 1,243,703 issued to Burmeister and Smock in 1917.

It is clear, as the District Court held, that Cohen adopted means that were old in the art, or in an analogous art, without accomplishing a new mode of operation or a new result, except greater convenience in removing the device from and attaching it to the windshield, which did not constitute invention.

The heater and casing in this combination each performs the same function in the same way it did when attached to the windshield by other means. See patent issued to Schonger No. 1,228,482 in 1917, which described a defroster composed of an electric heater and a device for attaching it to a windshield in a manner so that it can be shifted to different positions on the windshield. No new result or mode of operation comes from the different method of attaching them to the windshield.

212

Upon the theory of invention by a combination of old elements to perform a new use or a new mode of operation, we think the Cohen patent also fails.

The possibility of holding the defroster on the windshield by suction cups was obvious. Their use for this purpose did not involve a redesign of such cups or difficult or obscure experiments or calculations with respect to them. Nothing of that sort was done; the common suction cup was used unchanged in the Cohen device. Whether the heat of the defroster might impair the action of the suction cups could be determined by a simple obvious experiment. In the Mershon Case we held that a simple obvious experiment of this character did not constitute invention. As we have said, this case falls within the scope of that decision.

Upon the rehearing of this case and after again considering the issues presented, we conclude there was no invention in the combination of a heater, casing and suction cups, or in the use of suction cups alone in attaching a heating device to the glass of a windshield of an automobile.

The decree of this court of March 15, 1937, is set aside, and the decree of the District Court is affirmed, with costs.