## ZACHOS v. SHERWIN–WILLIAMS CO.

### No. 12092.

United States Court of Appeals Fifth Circuit.

Nov. 18, 1949.

B. F. Garvey, Washington, D. C., Devereaux F. McClatchey, Atlanta, Ga., Noah J. Stone, Atlanta, Ga., E. T. Newton, Atlanta, Ga., for appellant.

William K. Meadow, Atlanta, Ga., Clair W. Fairbank, New York City, for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

## HUTCHESON, Circuit Judge.

Pursuant to our order [1] on motion for rehearing, the district judge has now heard "further evidence solely on the issue of prior use, and made findings of fact [2] and conclusions of law,[3] and caused same to be certified" to us.

The parties have been heard orally and on briefs. The question whether the findings will be approved by us or set aside as clearly erroneous is now before us for decision.

Pointing to the testimony adduced by it, appellant, attacks the reasons given by the court for its findings as unsound, insists that its evidence established prior use in the full measure required of such evidence, and that the findings should be disapproved and judgment, establishing the · invalidity because of prior use of the assailed patent to Holmes, should be now entered.

Appellee, invoking the rule of the authorities, that proof of prior use must be beyond a reasonable doubt, and that without some authentic documentary support, mere oral evidence adduced to fix the date of the prior use will not suffice, and pointing to the evidence in this case and the findings of the trial court, insists that appellant has not sustained its burden, and the judgment of affirmance heretofore ordered suspended should now be put into effect.

■ We agree with appellee. Despite appellant's contention to the contrary, we find no relaxation or modification of the rule of the cases establishing the requirements of proof when prior use is relied on to defeat the presumption arising from the grant of a patent. This rule is that prior use must be proved beyond a reasonable doubt, and that as a practical matter, it may be said that oral testimony alone, unsupported by writings, has not been, and will not be accepted as sufficient.

The reason for this is well and soundly stated in some of the earlier decisions.[4] It is true that in Cowles Co. v. Frost White Paper Mills, 2 Cir., 174 F.2d 868, relied on by appellant,[5] some dicta indicating slight wavering and a query whether, in view of the changed attitude toward patents in the last twelve years, so strict a stand would any longer be enforced. But these dicta aside, we have found nothing to indicate that a departure from the rule is, or should be, imminent or probable. On the contrary, we believe that the reasons for the rule so well stated by Mr. Justice Brown in the Barbed Wire and Deering cases and approved and relied on in cases following are still potent and compelling. Indeed, with the modern tendencies toward easy swearing, they are even more so.

■ An examination of the evidence for ourselves in the light of the observations and findings of the district judge, convinces us that with the complete discredit-

---

1. Zachos v. Sherwin-Williams Co., 5 Cir., 166 F.2d 79.

2. " * * * upon consideration of the evidence and the circumstances of the case as a whole, the Court is unable to accept the evidence in behalf of the defendant, and consideration of the entire case, the evidence and surrounding circumstances, produces the conviction that the defendant has failed to show by credible evidence any prior use of the anticipatory devices as claimed." * * *

3. "Defendant has failed to prove his defense of prior use, and claim one of the Holmes patent, 2,165,952 is not rendered ineffectual or invalid by prior use by the defendant of any anticipatory or infringing device." * * *

4. Barbed Wire Patent, Washburn & M. Mfg. Co. v. Beat 'Em all Barbed Wire Co., 143 U.S. 275, 12 S.Ct. 443, 450, 36 L.Ed. 154; Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153; Eibel Process Co. v. Minn. & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523, all of which are cited with approval in Smith v. Hall, 301 U.S. 216, 57 S.Ct. 711, 81 L.Ed. 1049.

5. This was an appeal from a judgment in which the district judge found that "prior use [was] proved by documentary and other evidence amply sufficient to meet the vigorous requirement of 'a very high degree of proof.'" D.C., 77 F.Supp. 124, at page 130.

ing as a forged or altered document of the order slip, relied on by appellee to fix the date of use of its device, as prior to the Holmes patent, appellant's oral evidence cannot be accepted as establishing prior use beyond a reasonable doubt within the applicable rule, and it must, therefore, be regarded as insufficient to overcome the presumption of validity attending upon the grant of that patent.

The suspension of our judgment of affirmance is therefore vacated and set aside and the judgment of affirmance is hereby reinstated in full force and effect.