Anthony MAMO, Appellant,

v.

BEVERLY MFG. CO. et al., Appellees.

No. 19171.

United States Court of Appeals
Fifth Circuit.

March 29, 1963.

Rehearing Denied May 10, 1963.

M. A. Baskin, Edward C. Gritzbaugh, Miami, Fla., for appellant.

John H. Gunn, William M. Manker, Andrew Psalidas, Miami, Fla., for appellees.

Before RIVES, JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is a patent case in which Anthony Mamo, plaintiff-appellant, brought suit for infringement of his United States Letters Patent No. 2,798,625 against the Beverly Manufacturing Company, defendant-appellee, in the United States District Court for the Southern District of Florida, Miami Division. The District Court held for the Beverly Manufacturing Company on the ground that Mamo did not have a valid patent in that the subject matter claimed therein was anticipated by the prior art.

The product involved is a small boat trailer on which one man can load a boat 14 to 16 feet in length. In 1953 Mamo filed application for a patent on a trailer which Mamo asserts partially solved the problem of loading a boat on a trailer by one man.[1] This earlier trailer had a hinge in the frame so that by turning a crank the rear portion of the frame could be lowered. The rear part of the frame was then raised by the same crank mechanism to put the boat in place. Mamo then, together with William Barkett, formed the Breakframe Trailer Corporation which began the manufacture of trailers with the hinged frame.

This hinge operation was expensive to produce and the problem of centering the boat upon the trailer was not completely solved. In 1955 Mamo conceived of an arrangement which, according to him, completely solved the self-centering aspect of the operation, which culminated in U. S. Letters Patent No. 2,798,625, the patent in suit.[2] The patented idea is claimed to be the so-called self-centering device located on the rear of a conventional boat trailer, consisting of a rearmost transverse member of a boat trailer dropped substantially below the plane of the frame of the trailer, a pair of rollers pivotally mounted on the rearmost transverse member thereof, which are normally inclined toward each other, and the lower end of said rollers extending substantially below the said frame and being located immediately adjacent to the rearmost transverse member. These specially improved pivoting rollers changed position to fit the contour of the bottom of the boat as it was pulled onto the trailer and kept the boat centered as it was guided onto the trailer. This permanent and rigid frame construction shaped in the form of a "V" eliminated the necessity of the mentioned hinge. The patent in question is the last one issued, No. 2,798,625. A bill of sale of certain properties from Mamo to Breakframe Trailer Corporation did not transfer any interest in said patent.

The controversy arose when William Barkett, while President of the Breakframe Trailer Corporation, formed, together with Harry Barkett, his brother, and Eloise Barkett, his wife, the Beverly Manufacturing Company for the purpose of manufacturing and selling boat trailers. It is alleged in the complaint that the trailers manufactured and sold by the Beverly Company are exact copies of the trailer invented by Mamo as evidenced by Letters Patent No. 2,798,625, the second Mamo patent. While not passing on the question of actual infringement, the

---

1. Application for this patent was filed on July 31, 1953, and U. S. Letters Patent No. 2,765,941 were issued to plaintiff Mamo on October 9, 1956.

2. Application for this patent was filed on July 25, 1955, and U. S. Letters Patent No. 2,798,625 were issued to plaintiff Mamo on July 9, 1957.

lower court found for the Beverly Company; concluding that Mamo did not hold a valid patent.

The trial court found that the self-centering device in the second Mamo patent, (No. 2,798,625) was disclosed but not claimed in the first Mamo patent, (No. 2,765,941), which was for a time co-pending with the application for the patent in suit. This would give the patent in suit, the second one, the benefit of the earlier filing date of the first patent, which was July 31, 1953. 35 U.S.C.A. § 120. The trial court found that the self-centering feature of the alleged invention was old in the art and was substantially present in several boat trailers made and sold prior to either Mamo application. The trial court mentioned trailers manufactured and sold by Moody Manufacturing Company, Maben, Mississippi, in 1951 or 1952 which clearly revealed transverse rollers placed on the rearmost cross member of the trailer frame and which cross member was constructed below the level of the frame of the trailer and formed a "U" or "V" shape and thus resulted in self-centering as an aid in loading and unloading. Reference was also made to Letters Patent No. 2,676,716, issued to D. V. Sallis pursuant to an application filed July 3, 1950. The court found that the Sallis patent clearly discloses and teaches the idea of self-centering while loading and unloading by means of a pair of rollers pivotally mounted and placed on the rearmost transverse member.[3]

Mamo claims that the patent in suit is prior to the Sallis patent because the court found that his second patent had the benefit of the date of the earlier Mamo patent application which was filed on July 31, 1953. The Sallis patent was issued on April 27, 1954. Contrary to Mamo's contention, the critical date as to the Sallis patent in connection with the prior art is the application date, which was July 3, 1950, over three years prior to the first Mamo application. In the case of In re Walker, Cust. & Pat. App., 1938, 99 F.2d 976, the court held that a patent applied for before the patent in suit may be used as a reference in rejection of the patent in suit, although Letters Patent on the prior application were not issued until after the filing date of the patent in suit. In Maccarone v. Pincus & Tobias, Inc., D.C.N.Y.1935, 11 F.Supp. 248, aff'd. 2 Cir., 1936, 82 F.2d 1015, the court held that a patent is a prior art reference when the application for it has an earlier filing date, even though issuance of that patent was subsequent to the issuance of the patent in suit. Walker on Patents, Deller's Ed. V. 1, P. 136, 276–7.

In this case, the Sallis patent was applied for more than three years prior to the application for the first Mamo patent and Letters Patent were issued to Sallis more than two years prior to the first Mamo patent. Therefore, it could be used as a reference in the prior art to determine if the first Mamo patent was novel in the art. The trial court held that the second Mamo patent was merely a mechanical improvement over the first Mamo patent.

The findings of fact by the trial court are supported by the evidence. Rule 52(a), F.R.Civ.P.; Edward Valves, Inc. v. Cameron Iron Works, Inc., 5 Cir., 1961, 289 F.2d 355. The legal conclusion

3. The trial court stated, " * * * although the rear most cross member in the Sallis patent is not substantially below the plane of the frame as it is in the patent in suit, it does extend somewhat below. * * *."

The court considered that the feature of a dropped rearmost cross member as claimed in the first Mamo patent served only as a method to help make easier the loading of the boat. While we are not completely convinced that the evidence fully supports the conclusion of the court quoted in this note, we are convinced that even if the quoted statement is not supported by the evidence, such fact would not be of sufficient importance to cause us to change our decision in view of other evidence in the record and a clear showing that the Mamo ideas were not novel, do not produce a novel or unexpected result and that his claimed inventions do not meet the required standards which would warrant patent protection.

94

reached by the trial court that Mamo's method of constructing boat trailers was unpatentable and the patent invalid is fully supported by the law and the facts as found. We affirm the legal conclusion reached by the trial court that the Mamo boat trailer did not meet the requisite standards of invention, was anticipated by the prior art and use in the field, and all of its features are mere mechanical equivalents of such prior art and use. Glitsch & Sons, Inc., v. Wyatt Metal & Boiler Works, 224 F.2d 331 (5 Cir., 1955); Noe v. Clark, 300 F.2d 431 (5 Cir., 1962).

The judgment of the lower court is

Affirmed.