**RONEL CORPORATION, Appellant,**

v.

**ANCHOR LOCK OF FLORIDA, INC., et al., Appellees.**

No. 20505.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1963.

Herbert S. Shapiro, Miami Beach, Fla., Harold I. Kaplan, Patent Atty., New York City, Shapiro & Fried, Miami Beach, Fla., Blum, Moscovitz, Friedman & Blum, New York City, of counsel, for appellant.

Richard Schulze, Washington, D. C., Robert B. Butler, Hollywood, Fla., Schulze, Blair & Benoit, Washington, D. C., Ellis, Spencer & Butler, Hollywood, Fla., of counsel, for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, District Judge.

TUTTLE, Chief Judge.

This is an appeal from the partial summary final judgment of the district court which determined that the plaintiff's patent No. 2974368 in suit was invalid and consequently could not be infringed by the defendants.

Whatever disputes there are between the parties, one matter is plain: the patent in suit and the patent which the trial court held anticipated it, No. 649761, known as the Saltzkorn patent, both describe very simple devices.

The Lidsky patent here in suit is entitled "Metal fastener." It consists of a metal plate with projecting barbs for securing members together. The Saltzkorn patent also consisted of metal projections extending from a metal plate, which projections were so designed as to

be bendable for the purpose of also securing members together. The Saltzkorn patent was entitled "eyelet."

Upon the filing of a motion for summary judgment, the appellees submitted an affidavit of a patent attorney in support of their contention that the Saltzkorn patent anticipated the patent in suit. Appellant filed a cross motion for summary judgment, supported by several affidavits. Thus, says appellant, there were issues of fact as to which the trial court must conduct a full hearing rather than determine the issue by summary judgment.

█ While it is unusual for a court to dispose of a patent suit by summary judgment, such procedure is recognized as being appropriate in proper circumstances. We have stated as much in Inglett & Co. v. Everglades Fertilizer Co., Inc., 5 Cir., 255 F.2d 342, 349. Although this Court did not, in that case, approve of the summary judgment there rendered, we cited as examples of proper cases for the use of summary judgment, George P. Converse & Co., Inc. v. Polaroid Corp., et al., 1 Cir., 242 F.2d 116; Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 233 F.2d 9, cert. den., 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed. 2d 123, and Bobertz v. General Motors Corp., 6 Cir., 228 F.2d 94.

We think the language of the Tatko case, supra, is apposite here:

"Summary judgment represents a most useful legal invention to save time and expense, by the avoidance of a trial, when there exists no material fact-issues. It may well be that, in a patent case, a judge should exercise unusual caution in granting a summary judgment. But there are patent cases where it would be an absurd waste of time and effort to deny such a judgment. This is such a case.

"In many a patent suit, there arise issues of fact as to which the testimony of expert witnesses may be important. Then the credibility of those witnesses is crucial, and it would be erroneous, by a summary judgment, to deprive either party of a 'live trial' at which the trial court could observe the witnesses' demeanor in evaluating their testimony. There was no such issue here. The prior art and the patent claims are, without expert aid, easily understandable by any one of the most modest intelligence. Nor did it require expert testimony to make it plain that the differences between the prior art and the patent claims were obvious to persons having ordinary skill in the trade at the time the alleged invention was made."

The trial court here stated: "The plaintiff's above cited patent construes merely an improvement and application of the principle and teaching of that certain patent issued to Emil Saltzkorn and Ludwig Nicolai on May 15, 1900, No. 649761, eyelet, to a new use which does not rise to the dignity of invention, but is in fact an application of the original Saltzkorn idea."

██ It is apparent to us that the trial court could, by observation of the two devices, readily arrive at the conclusion reached by it. The court could not be aided by the affidavits of any number of experts pro or con in reaching this conclusion. This, therefore, presented such a situation as was under consideration by the Court of Appeals for the Sixth Circuit in the Bobertz case, supra, in which the Court said:

"Where no factual issues are present and where the patents and products involved are sufficiently simple to make expert testimony unnecessary, disposition under rule 56, 28 U.S.C.A., is proper."

We conclude that this was the unusual case in that it was a proper case for summary judgment.

The judgment of the trial court is, therefore,

Affirmed.