John A. JULIAN and Julian Engineering Company, Plaintiffs-Appellants,

v.

DRYING SYSTEMS CO., Thor Power Tool Co. and Michigan Oven Company, Defendants-Appellees.

No. 14841.

United States Court of Appeals Seventh Circuit.

June 1, 1965.

Norman H. Gerlach, Chicago, Ill., for plaintiffs-appellants.

Thomas E. Dorn, Wallace, Kinzer & Dorn, Chicago, Ill., for defendants-appellees.

Before DUFFY, SCHNACKENBERG and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for alleged infringement of United States Patent No. 2,625,095, issued on January 13, 1953, to John A. Julian, the individual plaintiff, on an application filed October 19, 1949. The corporate plaintiff is the sole licensee.

The patent in suit is entitled "Apparatus for Treating Food Products."

Although the specification describes a smokehouse in general terms, the apparatus disclosed in the patent is employed primarily for cooking and curing, including smoke treatment, of a variety of meat products including sausage and frankfurters.

The Julian patent in suit discloses a smokehouse including a generally rectangular treating chamber having two inlet ducts or conduits extending along the opposite sides of the chamber immediately below the roof. Each of these inlet conduits is provided with a plurality of nozzles for discharging air, smoke or fluid downwardly into the treating chamber. The two inlet conduits are each connected at the front of the smokehouse to a crosswise input duct, referred to in the patent claims as a trunk, that extends across the front of the smokehouse above the roof.

The crosswise input duct is provided with a central inlet opening that is connected to a fan mounted on the top center portion of the smokehouse roof. The input to the fan is connected to a heater that is also aligned with the longitudinal center of the smokehouse. A return or outlet duct extends down the center of the smokehouse immediately below the roof, and this outlet conduit is connected to the heater to complete the circulating system for the smokehouse.

In the crosswise duct that connects the fan to the two inlet ducts within the smokehouse, there are two rotary dampers or valves. These two dampers are equally spaced from the two supply ducts within the smokehouse. These dampers are at right angles relative to each other and are rotated by a common drive mechanism to continuously and progressively increase and decrease the flow of air to the opposite sides of the smokehouse chamber, creating a turbulent, alternating air flow within that chamber.

The original defendant, Drying Systems Co., filed an answer asserting various grounds in invalidity including, inter alia, lack of invention over the prior art and double patenting by reason of Julian Patent No. 2,505,973. The answer

then asserted that alleged improvements of the patent in suit were known to others or were in public use or on sale in the United States more than one year prior to October 19, 1949.

The District Court held the patent in suit met the statutory requirements as to invention, and that the prior art cited by defendant is distinguished from the claims of the patent in suit. However, the trial court held that plaintiff's first smokehouse for Vienna Sausage Co. and plaintiff's first smokehouse for Slotkowski Sausage Company, constituted prior public use or placing on sale as comprehended by 35 U.S.C. § 102(b).[1]

■ The burden of proof to establish public use or on sale more than one year prior to the application date of the patent, is on the defendant. A mere preponderance of the evidence is not sufficient. Whiteman v. Mathews, 9 Cir., 216 F.2d 712. Just what the test is has been variously described by the courts as clearest proof, satisfactory, convincing proof, and sufficiently clear to satisfy beyond a reasonable doubt. See 69 C.J.S. Patents § 80.

Where an attempt is made to establish prior public use or on sale solely by oral testimony, the courts have demanded a higher degree of proof. United Kingdom Optical Company v. American Optical Company, 1 Cir., 68 F.2d 637. But, importing the criminal law rule of beyond a reasonable doubt makes only for confusion.

■ We hold that prior public use or on sale for more than one year must be established by clear and convincing proof.

The District Court found that the smokehouse installation at Vienna Sausage Company was constructed substantially in accordance with the patent in suit. The Court then referred to pre-vious testimony by John A. Julian in a previous suit brought in the same court but against different defendants. In a deposition, Julian testified the installation at Vienna Sausage Company was constructed in early 1948—"It could have been February or March." He further testified there were two installations and that both of them had been completed in the summer or prior to October 1948.

It is true that at the trial of the instant case, Julian contradicted his earlier (1957) testimony, claiming the Vienna installation was not completed in the summer of 1948, but had been installed completely by late October or early November 1948. The change in his testimony was explained by the alleged discovery of certain invoices, particularly Exhibit D–8. The authenticity of this document was questioned, and an expert on questioned documents was agreed upon who made an examination and testified that Exhibit D–8 might have been made at any time from November 1948 to January 1958. The District Court found Exhibit D–8 is not a carbon copy of an original invoice and was prepared some time after its purported date. The Court also found that the Vienna installation was seen in operation by Mr. Slotkowski of the Slotkowski Sausage Company prior to the purchase by that Company of a smokehouse constructed and installed by plaintiff. The Court noted that since the sheet metal work on the Slotkowski installation was delivered as early as September 16, 1948, it was clear that the Vienna installation was in use by that date.

■ We hold the evidence established by clear and convincing proof that the installation of the Vienna Sausage Company in Chicago in 1948 was completed and sold to the purchaser at least by the end of September 1948 which was more than one year prior to the filing date

---

1. 35 U.S.C. § 102 provides: "A person shall be entitled to a patent unless * * * (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States. * * *"

of the patent in suit. Therefore, the District Court's finding in this regard must be and is approved.

The Slotkowski installation was, admittedly, completed later than that of the Vienna Sausage Company. The trial court found, and we agree, that this smokehouse was constructed in accordance with the teachings of the patent in suit. The sheet metal work for the Slotkowski smokehouse was fabricated and delivered to the job site on September 16 and September 20, 1948. The evidence is not clear and convincing that the Slotkowski installation went into actual use prior to November 1948, but defendant insists that, in any event, it was clearly "on sale" citing such cases as Wende v. Horine, 7 Cir., 225 F. 501, and Armour Research Foundation v. C. K. Williams & Co., 7 Cir., 280 F.2d 499.

In Wende, supra, we said 225 F. at page 505: "The statute does not require a 'sale,' but only a placing 'on sale,' prior to two years before the application. Under this language a completed sale, either with or without delivery, is not demanded; an offer to sell, made to a prospective purchaser after the experimental stage has been passed, the invention reduced to practice, and the apparatus manufactured in its perfected form, is a placing on sale within the statute."

In the Armour Research case, supra, we said 280 F.2d at page 506: " * * * [T]he statute does not require a 'sale' but only a 'placing "on sale." ' "

A smokehouse is not a shelf item that is constructed in advance for delivery from stock. The correct test in a situation such as we are now considering which entails equipment to be erected at a job site, is whether the device has been completed in construction to an extent such as to enable the purchaser to know how it will work when installed. Here, Slotkowski had seen a similar smokehouse at another location before he gave an order to plaintiff.

We therefore hold that the District Court was justified in finding and concluding that the invention of Julian patent in suit was "on sale" more than one year prior to the patent application date.

Although it might be argued that the situation as to the Slotkowski installation should not be, in itself, sufficient to invalidate the validity of the patent in suit, yet, the circumstances as to the Vienna installation are clear and this installation would, in itself, be sufficient to invalidate the patent under 35 U.S.C. § 102.

After the filing of the transcript of trial proceedings, defendants moved to reopen the case, in effect, challenging the authenticity or genuineness of three exhibits, including Exhibit D–8. By agreement, plaintiffs and defendants arranged with Linton Godown, an expert on questioned documents, to review the exhibits. Godown rendered a written report to the attorneys for the parties to the suit. At the supplemental proceedings, Godown was interrogated by counsel for both parties. John A. Julian and Miss Anne Ashford testified in rebuttal to Godown's testimony.

Plaintiff then asked the Court for leave to produce Gustave Reisenhower, plant superintendent of Vienna Sausage Company, as a witness. The Court denied this motion and appellants assert error by reason thereof.

On the trial, plaintiffs elected not to present evidence of anyone connected with the Vienna Sausage Company. The Court reopened the case for a limited purpose. We think the trial court did not abuse its discretion in refusing to hear further testimony including that of Mr. Reisenhower. We find no error in this respect.

*Judgment affirmed.*