Rena KARDULAS, Plaintiff-Appellee,

v.

FLORIDA MACHINE PRODUCTS COM-
PANY, R. C. Products, Inc., and John
M. Dudinsky, Defendants-Appellants.

No. 29514.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1971.

Rehearing Denied March 25, 1971.

T. Paine Kelly, Jr., Tampa, Fla., for defendants-appellants.

Owen Rice, Jr., Tampa, Fla., for plaintiff-appellee.

Before TUTTLE, DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

Defendant, Florida Machine Products Company, made and sold hair roller holders which admittedly infringed United States Patent No. 3,128,882, entitled "Hair Roller Holder," invented and owned by plaintiff, Rena Kardulas.[1] The District Court found the patent valid and infringed. Defendant appeals

---

1. Defendant's controlling owner and operator, defendant-appellant John M. Dudinsky, admitted at trial that his roller rack infringed the Kardulas patent, and that the rack and the plaintiff's claimed invention were, in fact, "chinese copies." Florida Machine Products sold the infringing holders to its sales company, defendant-appellant R. C. Products, Inc., also controlled and operated by Dudinsky.

only from the judgment of validity. We reverse because of the exclusion of relevant evidence concerning prior public use.

### The Kardulas invention

A beautician needs rollers of many different sizes to set a coiffure. These rollers must be kept clean and easily accessible. Hair rollers tend to become entangled when placed in a pile; to untangle them requires considerable effort and time. This problem is compounded because beauticians usually have only one hand free. They need a means for keeping hair rollers of differing lengths and diameters in a small space within easy reach so that they are readily identifiable, can be picked up with one hand, and can be replaced without disturbing or displacing other rollers.

The invention claimed in the Kardulas patent relates to an improved holder for hair rollers which includes a base with at least two cylindrical carriers spaced apart, each carrier comprising at least three cylindrical surfaces. The junction of cylindrical surfaces with the base of an adjacent cylindrical surface provides at least two shoulder surfaces, each wide enough to support a hair roller. The holder allows one to visually and readily determine the location of a hair roller of a particular size. During use, the holder maintains the rollers in place, each carrier accommodating coaxially mounted rollers of different sizes. While one hand is preoccupied, a beautician can easily locate and identify hair rollers of varying dimensions and can pick up or replace any particular roller with one hand without displacing other rollers.

Since defendant's infringement is undisputed, the sole issue on appeal is the validity of the Kardulas patent.

Kardulas applied for her patent on July 11, 1963, and it was issued on April 14, 1964. T. R. Snow applied for patent No. 3,221,891 (which completely discloses the Kardulas invention) on June 19, 1963, and it was issued on December 7, 1965. Obviously the Snow application was filed three weeks before the Kardulas application was filed.

Defendant attacks the District Court's finding of the validity of the Kardulas patent on three grounds: First, plaintiff failed to introduce sufficient evidence to carry her invention back beyond the date of her application, and the trial court was therefore required to consider that date, July 11, 1963, as the date of her invention. Consequently the prior application of T. R. Snow on June 19, 1963, was equivalent to a publication describing Kardulas' device before its invention. Second, there was a prior public use of the patented device by Snow. Third, the Kardulas patent is invalid for lack of invention.

### The Snow application and Kardulas' invention date

It is clear that plaintiff invented her device no later than the filing date of her application, since filing constitutes a constructive reduction to practice. James B. Clow & Sons, Inc. v. United States Pipe & Foundry Co., 5 Cir. 1963, 313 F.2d 46, 48 n. 1. But unless Kardulas proved an invention date antedating Snow's filing date, Snow's application would constitute a prior publication under 35 U.S.C.A. § 102(e) [2] fully anticipating plaintiff's invention. Sperry Rand Corp. v. Knapp-Monarch Co., 3 Cir. 1962, 307 F.2d 344, 346; Van Der Horst Corp. v. Chromium Corp., 2 Cir. 1952, 197 F.2d 791, 794; see Alexander Milburn Co. v. Davis-Bournonville, 1926, 270 U.S. 390, 401–402, 46 S.Ct. 324, 70 L.Ed. 651. Also, it would constitute prior art under 35 U.S.C.A. § 103. [3]

---

2. Section 102(e) provides:
 A person shall be entitled to a patent unless—
 \*　　\*　　\*　　\*　　\*
 (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent　\*　\*　\*.

3. Section 103 provides:
 A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102

Hazeltine Research, Inc. v. Brenner, 1965, 382 U.S. 252, 256, 86 S.Ct. 335, 14 L.Ed.2d 304. Thus, the Kardulas patent would be invalid because Kardulas would not be the first inventor. Alexander Milburn Co. v. Davis-Bournonville, *supra* at 400–402, 46 S.Ct. 324; Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 2 Cir. 1956, 233 F.2d 148, 158, cert. denied, 352 U.S. 879, 77 S.Ct. 101, 1 L.Ed. 2d 80. Kardulas was shouldered with the burden of carrying her invention date back beyond Snow's application date. Rooted Hair, Inc. v. Ideal Toy Corp., 2 Cir. 1964, 329 F.2d 761, 767, cert. denied, 379 U.S. 831, 85 S.Ct. 63, 13 L.Ed.2d 40; Syracuse v. H. Daust Manufacturing Co., 8 Cir. 1960, 280 F.2d 377, 379; Pleatmaster, Inc. v. J. L. Golding Manufacturing Co., 7 Cir. 1957, 240 F. 2d 894, 898; Oliver Machinery Co. v. Gellman, 6 Cir. 1939, 104 F.2d 11, 13, cert. denied, 308 U.S. 567, 60 S.Ct. 80, 84 L.Ed. 476. *See generally* 1 A. Deller, Deller's Walker on Patents §§ 46, 50 (2d ed. 1964).[4]

The date of invention cannot be carried back to that of the earliest mental conception. There must be a disclosure sufficient to enable one with ordinary skill in the art to reduce the invention to practice. Casco Products Corp. v. Zaiger, D.Mass.1936, 15 F.Supp. 1014, 1016, aff'd, 1 Cir. 1937, 93 F.2d 210. Kardulas testified that she conceived the invention in September 1960 and commissioned Tanguay, a furniture maker, to construct the parts comprising the carriers for the hair roller holder. Before December 1960, Kardulas had affixed these parts to the tray to form the carriers. Finally, between December

1 and December 15, 1960, she showed a model to her attorney, Nedvad, who corroborated her testimony.[5] The model was properly identified and received in evidence without objection as the model shown to Nedvad.

While it is well settled that the uncorroborated and undocumented testimony of the patentee is insufficient to prove invention date, Rooted Hair, Inc. v. Ideal Toy Corp., *supra*, 329 F.2d at 767; Pleatmaster, Inc. v. J. L. Golding Manufacturing Co., *supra*, 240 F.2d at 898; Thomson Industries, Inc. v. Nippon Thompson Co., E.D.N.Y.1968, 298 F.Supp. 466, 472, we find that the testimony of Kardulas was in this instance sufficiently corroborated to prove invention date, and the model coupled with Nedvad's identification satisfied the documentation requirement. Furthermore, the model, crude as it may be, clearly provided a sufficient disclosure of the invention to enable one with ordinary skill in the art to reduce it to practice. In fact, the invention embodied in Kardulas' model was fully reduced to practice in December 1960. The only refinement remaining was to perfect the hair roller holder into a commercially marketable form, and this Kardulas was not required to do. Hildreth v. Mastoras, 1921, 257 U.S. 27, 34, 42 S.Ct. 20, 66 L.Ed. 112; Radio Corp. of America v. International Standard Electric Corp., 3 Cir. 1956, 232 F.2d 726, 730; Boucher Inventions, Ltd. v. Sola Electric Co., 1942, 76 U.S.App.D.C. 160, 131 F.2d 225, 226, cert. denied, 1943, 318 U.S. 770, 63 S.Ct. 762, 87 L.Ed. 1140.

We therefore agree with the trial court that Kardulas met her heavy

---

of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4. The Snow patent issued December 7, 1965, after the Kardulas patent which issued April 14, 1964. This chronology

is irrelevant for purposes of section 102 (e). A patent applied for before the invention date of the patent in suit may be used as a reference, although the reference patent issued subsequent to the patent in suit. Mamo v. Beverly Manufacturing Co., 5 Cir. 1963, 315 F.2d 91, 93.

5. Defendant's argument that Nedvad's testimony is inadmissible because it was offered in rebuttal instead of during plaintiff's case-in-chief is without merit.

burden of proving that she conceived her invention and reduced it to practice no later than December 1960, which was prior to Snow's invention date in March or April 1962. In these circumstances the Snow application was not a proper reference and does not constitute a bar to validity under section 102(e), nor does it constitute prior art under section 103.

*Section 282 notice*

 The trial court excluded the depositions of Joyce Snow and Daniel Blatz, which were proffered by defendant to show a prior public use under 35 U.S.C. A. § 102(b).[6] Plaintiff's objection to the proffer was that defendant had failed to give the required thirty-day written notice under 35 U.S.C.A. § 282.[7]

Defendant argues that the requirements of section 282 were substantially complied with, or alternatively, that the trial judge abused his discretion in excluding the depositions since plaintiff's counsel could not possibly have been surprised or prejudiced by their use.

Defendant, in a "Notice of Special Matters of Defense," filed June 24, 1969, specified as one of its defenses the "prior public use of one T. R. Snow in

his business as a beauty shop operator at 125 South Seventh Street, Olean, New York, *and others* at his procurement, the names and addresses of whom are presently unknown to defendants *but will be disclosed by Snow during the taking of his disposition on June 24, 1968*" (emphasis added). During Snow's deposition taken on the stated date, he testified that he and Joyce Snow had commercially used the "finished product" in their shop beginning July 2, 1962, and that a beautician salesman, Daniel Blatz, had witnessed the use in the beauty shop in July. The proffered depositions of Joyce Snow and Blatz corroborated T. R. Snow's testimony.[8] Plaintiff's counsel attended the taking of all depositions and cross-examined all of defendant's deponents. All depositions were on file with the District Court by December 23, 1968. Therefore, plaintiff's counsel had written notice of the names and addresses of these witnesses and the purpose of their testimony long before the section 282 deadline.[9] In fact, plaintiff had the actual testimony of each witness. The trial court's reliance on *Thermo King Corp. v. White's Trucking Service, Inc.*, 5 Cir.1961, 292 F.2d 668, to sustain his ruling is misplaced. In *Thermo King* no written notice of any kind that the de-

---

6. Section 102(b) provides in pertinent part:

A person shall be entitled to a patent unless—

 \* \* \* \* \*

(b) the invention was \* \* \* in public use \* \* \* in this country, more than one year prior to the date of the application for patent in the United States \* \* \*.

7. Section 282 states in pertinent part:

In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and the name of the patentee of any patent \* \* \* to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Claims, as showing the state of the

art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

8. Joyce Snow's deposition was taken June 24, 1968, upon notice served June 10, 1968; Daniel Blatz's deposition was taken December 12, 1968, upon notice served September 20, 1968, with an amended notice served October 4, 1968.

9. The pretrial stipulation, although finalized only eleven days before trial, stated that the depositions of Blatz, Rosenfeld, Joyce and T. R. Snow and W. K. Weldon could be used, reserving evidentiary objections as to admissibility. Plaintiff filed no objections at that point.

fendant planned to use twenty-four patents to prove invalidity was given before trial. The proffered evidence in *Thermo King* was clearly inadmissible under section 282.

Plaintiff correctly maintains that section 282 coexists with the Federal Rules on discovery. *Thermo King, supra* at 674.[10] But this is not to say that to comply with the statute, defendant must give plaintiff a self-contained written notice captioned, "Notice Under 35 U.S.C. A. § 282." Such a construction of the statute would defeat the purpose of section 282, which was to prevent unfair surprise at trial and to reduce expensive delays. *Thermo King, supra* at 674; C. S. Johnson Co. v. Stromberg, 9 Cir. 1957, 242 F.2d 793, 797; cert. denied, 355 U.S. 816, 78 S.Ct. 19, 2 L.Ed.2d 33.

We conclude that the excluded, but proffered, depositions were relevant and material evidence on the issue of a prior public use more than one year before Kardulas filed her patent application. 35 U.S.C.A. § 102(b). Failure to admit the depositions of Joyce Snow and Daniel Blatz resulted in the clearly erroneous finding that Snow's testimony concerning prior public use was uncorroborated. Fed.R.Civ.P. 52(a).

■ The trial court also excluded the deposition of Stanley Rosenfeld[11] for failure to give an adequate section 282 notice. Rosenfeld's testimony was offered to show the state of the art in the spring of 1963, just prior to plaintiff's filing date in July 1963. While the trial court erred in excluding Rosenfeld's deposition under section 282, the error was harmless since Rosenfeld's testimony could not shed any light on the state of the art at the time plaintiff invented her hair roller holder in December 1960. Therefore Rosenfeld's testimony is irrelevant. *See* 35 U.S.C.A. §§ 101–103.[12]

*Prior Public Use*

■■ Underlying the public bar provision in 35 U.S.C.A. § 102(b) is the public policy to prevent an inventor from failing to disclose his invention to the public, while at the same time commercially exploiting it, thereby extending the effective duration of his patent monopoly. Koehring Co. v. National Automatic Tool Co., 7 Cir. 1966, 362 F. 2d 100, 103. The courts have generally construed the term "public use" broadly. The Sixth Circuit, for example, has said that, generally, any nonsecret use of a completed and operative invention in its "natural and intended way" is a public use. FMC Corp. v. F. E. Myers & Bro. Co., 6 Cir. 1967, 384 F.2d 4, 9, cert. denied, 390 U.S. 988, 88 S.Ct. 1183, 19 L. Ed.2d 1291.[13] The use may be public where it is exposed to persons other than the inventor, including customers and salesmen, who are under no obligation of secrecy, Watson v. Allen, 1958, 103 U.S.App.D.C. 5, 254 F.2d 342, 345, and where no attempt is made to keep

---

10. The discretionary provision of section 282, however, does apply to the trial judge's refusal to admit the Zaharis, No. 1,102,959; Rudd, No. 2,414,245; and Boss, 444,328, patents since no thirty-day written notice of any kind was given to plaintiff. Nor were these patents cited by the Patent Officer Examiner in the file of the Kardulas or Snow patents. The trial judge did not abuse his discretion in excluding these patents. *See* Edward Valves, Inc. v. Cameron Iron Works, Inc., 5 Cir. 1961, 286 F.2d 933, 949; Fairchild v. Poe, *infra*, 259 F.2d 329, at 332–333.

11. Rosenfeld's deposition was taken May 15, 1968, upon notice served April 18, 1968.

12. Defendant's argument that the court erred in excluding W. K. Weldon's deposition is without merit. Weldon's testimony was offered to impeach Kardulas' testimony that she "stopped" Weldon, who was not a party defendant, from manufacturing infringing roller holders. The question of Weldon's infringement was irrelevant to the litigation below since he was not a party to the suit.

13. There is no distinction between public use by the inventor and public use by another. A. Schrader's Sons, Inc. v. Wein Sales Corp., 2 Cir. 1925, 9 F.2d 306, 307–308.

the device from the knowledge of the public. Thompson v. American Tobacco Co., 4 Cir. 1949, 174 F.2d 773, 777–778. Moreover, a single use of an invention for commercial purposes constitutes a public use. Electric Storage Battery Co. v. Shimadzu, 1939, 307 U.S. 5, 20, 59 S. Ct. 675, 83 L.Ed. 1071; George R. Churchill Co. v. American Buff Co., 7 Cir. 1966, 365 F.2d 129, 134.

◼ To establish public use under § 102(b), the defendant in an infringement suit has a heavy burden of proof, which must be clear and convincing, Inglett & Co. v. Everglades Fertilizer Co., 5 Cir. 1958, 255 F.2d 342, 346; see Zachos v. Sherwin-Williams Co., 5 Cir. 1949, 177 F.2d 762, 763; a mere preponderance of the evidence is insufficient. Julian v. Drying Systems Co., 7 Cir. 1965, 346 F.2d 336, 338. Nevertheless, we think that the defendant's proffered but improperly rejected evidence of a prior public use of Snow's device, which fully incorporates the Kardulas invention, raised an issue which the District Court must resolve. Cataphote Corp. v. De Soto Chemical Coatings, Inc., 9 Cir. 1966, 356 F.2d 24, 26; cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67; General Electric Co. v. Minneapolis-Honeywell Regulator Co., 2 Cir. 1941, 118 F.2d 278, 279; see Smith & Griggs Manufacturing Co. v. Sprague, 1887, 123 U.S. 249, 265–266, 8 S.Ct. 122, 31 L.Ed. 141.

*Validity under sections 101 and 103*

◼ After careful consideration of the record and the Patent Office file wrapper, we conclude that defendant has failed to prove the Kardulas device lacked invention. 35 U.S.C.A. §§ 101–103.

◼ We begin with the presumption that the Kardulas patent is valid, 35 U. S.C.A. § 282; Hunt Tool Co. v. Lawrence, 5 Cir. 1957, 242 F.2d 347, 351, cert. denied, 354 U.S. 910, 77 S.Ct. 1926, 1 L. Ed.2d 1428, which can be overcome only if invalidity is proved beyond a reasonable doubt. Fairchild v. Poe, 5 Cir. 1958, 259 F.2d 329, 331. Neither the references cited by the Examiner,[14] nor the Jaquith, No. 829,475, or Randall, No. 2,470,749, patent [15] anticipates Kardulas' claimed invention. Nor has defendant persuaded us that the Kardulas invention would have been obvious to a person having ordinary skill in the art in December 1960, the date Kardulas first reduced the invention to practice. 35 U. S.C.A. § 103.[16]

◼ Defendant put on no expert testimony. Before a court concludes that it has no need for expert testimony to examine the nature of the prior art or the level of skill in the relevant industry, it should be convinced that the claimed invention would have been obvious even to ordinary laymen of modest intelligence. *See* Monaplastics, Inc. v. Caldor, Inc., 2 Cir. 1967, 378 F.2d 20, 21; Ronel Corp. v. Anchor Lock of Florida, Inc., 5 Cir. 1963, 325 F.2d 889, 890, cert. denied, 377 U.S. 924, 84 S.Ct. 1221, 12 L.Ed.2d 216. To substitute our own judgment concerning the obviousness of the device as of December 1960 "is to substitute our ignorance for the acquaintance with the subject of those who were familiar with it" at that time. Reiner v. I. Leon Co.,

14. The following patents were cited and considered by the Patent Office during the prosecution of the Kardulas application: Messler, No. 253,877, relates to a stand for flower pots; Tainter, No. 393,-191, relates to a support for graphophonic tablets; Gildemeyer, No. 618,031, relates to a support for transporting and storing assorted pipe fittings; Arthur, No. 1,978,290, relates to a support rack for pipe fittings; Robinson, No. 3,080,964, relates to a container for packaging manufactured goods; Ness, No. 3,083,824, re-

lates to packaging for artificial Christmas trees.

15. The Jaquith and Randall patents were cited by the Examiner during the prosecution of the Snow application and were properly admitted into evidence. Moreover, plaintiff had full notice that the Randall patent would be relied on in defendant's answers to interrogatories filed April 14, 1969.

16. *See* note 3 *supra.*

2 Cir. 1960, 285 F.2d 501, 504, cert. denied, 366 U.S. 929, 81 S.Ct. 1649, 6 L. Ed.2d 388; *accord,* Zero Manufacturing Co. v. Mississippi Milk Producers Association, 5 Cir. 1966, 358 F.2d 853, 857, cert. denied, 385 U.S. 841, 87 S.Ct. 93, 17 L.Ed.2d 74.

Section 103 was a codification of the judicial patentability requirement originally expressed in Hotchkiss v. Greenwood, 1851, 52 U.S. (11 How.) 248, 13 L.Ed. 683. Graham v. John Deere Co., 1966, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545, announced a functional test of obviousness which requires three factual determinations: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims at issue, and (3) the level of ordinary skill in the pertinent art. The trial judge was impressed by the commercial success of the plaintiff's invention. While this factor is of secondary importance with reference to obviousness, Graham v. John Deere Co., *supra*, and can never validate a patent which lacks invention, Waldon v. Alexander Manufacturing Co., 5 Cir. 1970, 423 F.2d 91, 95, nevertheless, considering the prior art and applying the guidelines of Graham v. John Deere Co., *supra*, we are convinced that the defendant failed to prove obviousness. Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 1969, 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258; *see* Waldon, Inc. v. Alexander Manufacturing Co., *supra* at 91.

The exclusion of the Joyce Snow and Blatz depositions was error. We reverse and remand for a new trial on the sole issue of prior public use.

Reversed and remanded for further proceedings consistent with this opinion.

## ON PETITION FOR REHEARING

### PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

The only issue raised by Kardulas on her petition for rehearing that de-

serves comment is that there was no documentary corroboration concerning testimony proffered on the issue of prior public use. This testimony was documented by defendants' exhibits comprising two hair roller holders which were identified by T. R. Snow, Joyce Snow and Daniel Blatz as the two devices publicly used in the Snows' shop.