**BALLANTYNE INSTRUMENTS & ELEC-TRONICS, INC., Plaintiff-Appellee,**

v.

**Chester WAGNER, an individual and Henny Penny Corporation, Defendants-Appellants.**

No. 15871.

United States Court of Appeals Sixth Circuit.

May 13, 1965.

James S. Hight, Cincinnati, Ohio, for appellants. Thurman A. Herron, Cincinnati, Ohio, on the brief.

Sheldon W. Witcoff, Chicago, Ill., for appellee, Max Wall, Washington, D. C., Stanley A. Freedman, Smith & Schnacke, Dayton, Ohio, of counsel.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and ARTHUR M. SMITH, Associate Judge.*

SMITH, Associate Judge.

Plaintiff-appellee brought an action for declaratory judgment seeking to have Wagner U.S. Patent No. 2,778,736[1] declared invalid. In this action, plaintiff-appellee brought a motion for summary judgment which was granted by an order of the District Court which states:

"The Court finds that each claim of the patent in suit is anticipated by the method for frying chicken in deep fat as disclosed in Quantity Cookery. It follows that since the application for the patent was filed on April 9, 1954, which is more than one year after the publication of Quantity Cookery, the patent is invalid. See 35 U.S.C.A. § 102(b)."

The disclosure referred to in the above order is found on pages 233–36 of the publication Quantity Cookery by Nola Treat and Lenore Richards.[2]

The sole question for determination is whether the motion was properly sus-

tained within the rationale of this court's decision in Bobertz v. General Motors Corp., 228 F.2d 94.

The public interest in every patent case requires that suits involving the validity of patents should be speedily determined. Thus, wherever patent litigation can be expeditiously handled on motions for summary judgment it should be done provided the necessary safeguards to protect the rights of the litigants are observed. One such safeguard is that enunciated in the Bobertz case, namely, that there be no real question of fact involved.

The patent in issue is entitled "Method of Deep Fat Cooking of Foods Under Pressure" and contains three claims in which the invention is set forth as comprising a series of interrelated steps as follows:

1—establishing a bath of hot oil, heated to approximately 310°–325° F,

2—introducing the food to be cooked into the hot oil bath and allowing it to cook for a time sufficient to brown the food,

3—thereafter enclosing the same and continuing the cooking under a pressure of up to about 15 pounds per square inch for a period of time to cook the food.

Claim 1 of the patent calls for "simultaneously maintaining" the food in the bath of hot oil and cooking it under a specified pressure, while claim 2 differs from it in that it requires the oil temperature in the final pressure cooking step to be "about 315 to 325° F." Claim 2, also requires a final cooking period of from 5 to 7 minutes.

Claim 3 differs from claims 1 and 2 in requiring that the initial cooking be for "from 2 to 3 minutes" and, like claim 2, requires that the final cooking under pressure be at a "temperature of about

---

* United States Court of Customs and Patent Appeals, sitting by designation.

1. Issued Jan. 22, 1957 on an application filed Apr. 9, 1954.

2. Revised Edition, published by Little, Brown and Company, Boston, Massachusetts on Jan. 12, 1951.

315–325° F." It differs from both claims 1 and 2 in requiring that the complete cooking operation is limited in time to "approximately ten minutes."

The relationship between the Quantity Cookery publication and claim 1 of the patent in suit is conveniently illustrated as follows in plaintiff-appellee's brief in Chart 1 entitled:

> Comparison Between Methods for Deep Fat Pressure Cooking of Food as Taught by Quantity Cookery Publication and Wagner Patent 2,778,-736.

---

| QUANTITY COOKERY PUBLICATION (at page 236, paragraphs 5 & 6). "FRIED CHICKEN, KENTUCKY STYLE" | WAGNER PATENT CLAIM 1 "An improved method of deep fat cooking of foods under pressure in a minimum of time which consists of the steps of:" |
|---|---|
| (a.) "Put at once into the bottom of a pressure cooker, two-thirds filled with hydrogenated fat at 325° F." | (a.) "Establishing a bath of hot oil, said bath of oil being heated to about 310° to 325° F." |
| (b.) "Cook uncovered until a very light but even golden brown." | (b.) "Introducing the food to be cooked into said hot bath of oil and allowing it to cook for a time sufficient to brown the food, and" |
| (c.) "When chicken is slightly brown put on the cover and bring the pressure up to fifteen pounds." | (c.) "Thereafter enclosing the same and continuing the cooking while simultaneously maintaining the food in said bath of hot oil and cooking the same under a pressure of up to about 15 pounds per square inch." |
| (d.) "Cook chicken at fifteen pounds pressure for seven minutes." | (d.) "And while thus immersed in said hot oil for a period of time to cook the food." |

---

To complete the picture we observe that there is nothing in the Quantity Cookery publication nor in claim 1 of the Wagner patent which establishes a definite temperature requirement for step (d) indicated in the chart.

The decision of the District Court that the patent in suit was "invalid as a matter of law" is predicated on 35 U.S.C. § 102(b), which provides in pertinent part:

> "A person shall be entitled to a patent unless * * * the invention was * * * described in a printed publication * * * more than one year prior to the date of the application for patent in the United States."

Thus, resolution of the sole question presented turns on whether, within the meaning of 35 U.S.C. § 102(b), the Quantity Cookery publication "describes" the invention as it is claimed in the three claims of the Wagner patent.

To constitute a "description" of the patented invention within the meaning of 35 U.S.C. § 102(b) the prior publication must describe the invention as claimed in such full, clear and exact

terms as to enable any person skilled in the art or science to which the invention appertains, to practice the invention. Vague and general representations are not sufficient in law to support the defense of anticipation under 35 U.S.C. § 102(b). See Seymour v. Osborne, 11 Wall. 516, 78 U.S. 516, 20 L.Ed. 33, Downton v. Yeager Milling Co., 108 U.S. 466, 3 S.Ct. 10, 27 L.Ed. 789, Eames v. Andrews, 122 U.S. 40, 66, 7 S.Ct. 1073, 30 L.Ed. 1064, Cohn v. United States Corset Co., 93 U.S. 366, 23 L.Ed. 907, Allied Wheel Prods. Inc. v. Rude, 6 Cir., 206 F.2d 752.

■ In determining whether any real issue of fact is here presented, each of the three claims of the patent must be considered separately, for "in contemplation of law, each claim of the patent must be considered as setting forth a complete and independent invention." Railroad Supply Co. v. Hart Steel Co., 222 F. 261 (C.A. 7th 1915). There is nothing in the record before us to indicate that separate consideration was given to each claim by the District Judge before granting appellee's motion for summary judgment. If this matter was presented to the District Judge as it was here presented in appellee's brief, the claims were not so considered. We find no indication in the record that the above mentioned differences in claims 2 and 3 were considered by the District Judge.

■ 35 U.S.C. § 282 provides, "A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it." We find plaintiff-appellee did not discharge this burden as to claims 2 and 3. As above pointed out, the Quantity Cookery publication does not disclose the temperature limits to be maintained in the final pressure cooking step as called for in claims 2 and 3, nor does it disclose the over-all time limits called for in claim 3.

In opposition to plaintiff-appellee's motion for summary judgment, defendants-appellants introduced affidavits of Dr. Wilbur A. Gould and Col. Harland D. Sanders as persons skilled in this art. These affidavits raise questions of fact as to a) the nature of the final cooked product when cooked according to the process described in the Quantity Cookery publication and when cooked according to the process claimed in claims 2 and 3 of the patent in suit, and b) the temperatures at which the final cooking step is in fact performed in the process described in the Quantity Cookery publication.

Since the process described in the Quantity Cookery publication discloses a process substantially as claimed in claim 1, we agree with the District Judge that the invention defined in this claim is "described" within the meaning of 35 U.S.C. § 102(b). The order sustaining plaintiff's motion for summary judgment as to claim 1 is therefore sustained.

However, real factual issues are presented as to claims 2 and 3 concerning: a) what the Quantity Cookery publication *in fact* teaches one skilled in this art as to the temperatures used in the pressure cooking step therein disclosed, and b) whether the time and temperature requirements specified in these claims are *in fact* different from what the Quantity Cookery publication teaches.

We find, therefore, that it was error to grant plaintiff's motion for summary judgment under 35 U.S.C. § 102(b) as to claims 2 and 3.

In view of the foregoing, the order sustaining plaintiff's motion for summary judgment is affirmed as to claim 1 of the patent in suit and is reversed as to claims 2 and 3 thereof, and the cause is remanded for further proceedings consistent herewith.