**BALLANTYNE INSTRUMENTS & ELEC-
TRONICS, INC., Plaintiff-Appellee
and Cross-Appellant,**

v.

**Chester WAGNER, an individual, and
Henny Penny Corporation, Defendants-
Appellants, and Cross-Appellees.**

**Nos. 17407, 17408.**

United States Court of Appeals
Sixth Circuit.

Dec. 6, 1967.

Bruce Tittel, Cincinnati, Ohio (James S. Hight, Bruce Tittel, Cincinnati, Ohio, on the brief), for Ballantyne Instruments.

Sheldon W. Witcoff, Chicago, Ill., (Max Wall, Washington, D. C., Stanley A. Freedman, Smith & Schnacke, Dayton, Ohio, of counsel), for Chester Wagner and Henny Penny Corp.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is a declaratory judgment action brought by Ballantyne Instruments & Electronics, Inc., (Ballantyne) against Chester Wagner and Henny Penny Corporation, seeking to have Wagner's U. S. Patent No. 2,778,736 declared invalid. The three claims of this patent involve methods of deep fat cooking of foods,

particularly fried chicken, under pressure.

The District Court originally sustained Ballantyne's motion for a summary judgment, holding that each claim of the patent in suit was anticipated by a method of frying chicken disclosed by the book "Quantity Cookery," published more than a year before the filing of the application for the patent.

In our opinion on the former appeal, reported at 345 F.2d 671, this Court affirmed the action of the District Court in holding the first claim to be invalid but reversed as to claims two and three, remanding the case for the taking of evidence on issues of fact relating to these two claims. Reference is made to the former opinion of this Court, written by Judge Arthur M. Smith of the United States Court of Customs & Patent Appeals, for a detailed discussion of the three claims of the patent and the issues involved.

Upon remand the District Court heard evidence and concluded that claims two and three of the Wagner Patent are not anticipated by the Quantity Cookery publication or by any patent or combination of patents in the prior art and that the invention of these two claims would not have been obvious to those skilled in the art. In detailed findings of fact and conclusions of law District Judge Carl A. Weinman held: (1) that claims two and three of the Wagner patent are valid; and (2) that under the applicable law and facts these two claims have not been infringed by Ballantyne.

Ballantyne has appealed from the judgment of the District Court insofar as it holds that claims two and three of the patent in suit are valid. The original defendants have appealed insofar as the judgment holds that Ballantyne has not infringed the patent.

In essence Ballantyne's method contemplates placing the food in the pressure cooker, piece by piece, and then closing the cooker. Claims two and three of the Wagner patent provide for the so-called two-step cooking method, whereby after the oil is heated to a certain temperature the food is immersed in the oil for two or three minutes until it is browned and then the cooker is closed. The District Court concluded that the Ballantyne method does not infringe the patent.

 We hold that the findings of fact of the District Judge that there was no infringement are not clearly erroneous, Rule 52(a), Fed.R.Civ.P., but to the contrary are supported by substantial evidence. We further hold that the District Judge was correct in ruling that there was no infringement and that claims two and three of the patent are valid upon the authorities set forth in his findings of fact and conclusions of law.

Affirmed.