**THERMOVAC INDUSTRIES CORP.,**
**Plaintiff,**

v.

**The VIRTIS CO., Inc., Defendant.**

**No. 65 Civ. 586.**

United States District Court
S. D. New York.

May 14, 1968.

Sydney B. Schlessel. New York City, for plaintiff.

Kenyon & Kenyon, by John Kidd, New York City, and Walsh & Case, by Robert E. Wagner, Chicago, Ill., for defendant.

## MEMORANDUM

LEVET, District Judge.

The defendant in this action has moved to dismiss this suit for infringement upon the basis of Sections 184 and 185 of Title 35 U.S.C.A., particularly upon the ground that within six months after filing the application for the patent in the office of the Commissioner of Patents of the United States on February 12, 1963, the applicant filed an application for the same patent in Great Britain on or about May 8, 1963 and that, therefore, this patent is invalid under Title 35 U.S.C.A. § 185. I conclude that this is correct.

The plaintiff has failed to comply with Section 184 and hence by the clear command of Section 185 its patent must be declared invalid. Beckman Instruments, Inc. v. Coleman Instruments, Inc., 338 F.2d 573 (7th Cir. 1964).

It is not necessary to consider at this time the effect of any retroactive license which might be granted. It is conceded here that no application for a retroactive license has been made and none granted. Such a license can only be granted by the Commissioner of Patents in his discretion, and then only upon a finding by him that the application was inadvertently filed abroad and upon a further finding that the application does not disclose an invention within the scope of Title 35 U.S.C.A. § 181.

Neither is this court concerned with any action which might be brought against this defendant or any other defendant for violation of the patent in the event that such a retroactive license is granted. I must treat the situation as it now stands.

The plaintiff is incorrect (and I think plaintiff's counsel so conceded now) in its contention of yesterday that Sections 184 and 185 apply only to cases of inventions involving the national security. The statutory language is clear. Sections 184 and 185 apply to all cases where foreign patent applications are filed within six months after an application is filed in the United States.

Those sections are not limited to inventions involving the national security. On the contrary, the very purpose of the six-month period established by those sections is to provide the Commissioner with an opportunity to screen out patents involving national security. See Minnesota Mining and Manufacturing Company v. Norton Company, 366 F.2d 238, 240 (6th Cir. 1966).

For that reason, Section 184 gives the Commissioner less discretion to grant retroactive licenses in national security cases than otherwise. Consequently, I hold that this case is governed by Sections 184 and 185 of Title 35 U.S.C.A., regardless of whether the invention in issue might involve national security.

The motion for a dismissal is granted. It is so ordered.

The motion for a stay is denied. It is so ordered.